# NORMAN K. LYMAN v. CHAS. K. MAGUIRE, AUDITOR OF THE COUNTY OF HAWAII.

### APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

### ARGUED OCTOBER 30, 1905.      DECIDED NOVEMBER 6, 1905.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

COUNTY ACT—*auditor—warrant.*

> The county auditor may refuse to draw a warrant on the treasurer for an invalid claim against the county although such claim has been examined, allowed and ordered paid by the board of supervisors.

ID.—*appointment of sheriff's clerk.*

> Under the county act the board of supervisors has no power to appoint a sheriff's clerk, that power being in the sheriff subject to the approval of the board of supervisors.

#### OPINION OF THE COURT BY WILDER, J.

This is an application by Norman K. Lyman, the petitioner, for a writ of mandamus to compel the auditor of the county of Hawaii to issue to petitioner a warrant on the treasurer of said county in payment of petitioner's claim for salary for the month of July, 1905, as clerk to the sheriff of Hawaii. After a hearing the circuit judge denied a peremptory writ, from which ruling and judgment thereon the petitioner appealed to this court.

On or about the 1st of July, 1905, the board of supervisors of the county of Hawaii appointed petitioner clerk to the county

sheriff of Hawaii. Previous to this time petitioner had been clerk to the territorial sheriff of Hawaii. Petitioner remained in the county sheriff's office during the month of July and did certain work, apparently under the direction of the board of supervisors. The county sheriff of Hawaii, who did not qualify until a week or so after July 1, refused to recognize petitioner as his clerk, never appointed him as such, and, in fact, appointed someone else to that position, which appointment was not approved by the board of supervisors. On August 11, 1905, petitioner presented to the auditor a written demand for $75, alleged to be due petitioner as his salary for the month of July as clerk to the sheriff of Hawaii, which demand was approved by the board of supervisors, countersigned by J. T. Moir, chairman of said board, and attested by the county clerk. Upon such presentation the petitioner demanded that the auditor issue to him a warrant for $75 upon the treasurer of the county of Hawaii in accordance with his claim. This demand the auditor refused, whereupon petitioner instituted these proceedings.

Two questions are presented for consideration, namely, first, could the auditor refuse to issue a warrant for a claim allowed by the board of supervisors which he alleged was invalid, and, second, if so, was the claim as a matter of law invalid?

1. Petitioner claims that the action of the board of supervisors in allowing the claim is conclusive on the auditor and that the auditor cannot question the validity or invalidity of any claim so allowed. In our opinion this contention is without merit. Section 75 of Act 39 of the Session Laws of 1905, commonly known as the county act, provides that the auditor "shall issue warrants on the county treasurer in favor of persons entitled thereto in payment of claims and demands chargeable against the county which have been legally examined, allowed and ordered paid." In the first place, the auditor shall only issue a warrant to a person *entitled* thereto, and, in the second place, only for a claim against the county which has been *legally* examined, allowed and ordered paid by the board of supervisors. It is contended that "legally" in this latter provis-

ion means "in a legal manner," but in view of another section of the county act that contention cannot be upheld. Under section 62 of the county act the board of supervisors has the power to authorize and supervise the expenditure of all funds belonging to the county and to enforce all claims on behalf of the county and "approve all lawful claims against the county." Thus, the only claims that the board of supervisors can approve, for which claims warrants shall issue, are "lawful" claims. To say that the board of supervisors may determine what are lawful claims and what are not lawful claims, and that such action by the board is binding and conclusive on every one, would be to put it in the power of the board to nullify that very provision and would be giving to the board a power which the act in question does not give. Such a construction would also put it in the power of the board to order paid, without being questioned, a claim against the county which subdivision 7 of section 9 of the county act provides "shall never be the basis of a claim against the county." It is clear that the board has no such power. A county auditor has the right in a proper case to question the validity of claims allowed and ordered paid by the board of supervisors.

It is conceded that the auditor could refuse to draw a warrant for a claim that was fraudulent, although examined, allowed and ordered paid by the board of supervisors, but we can see no distinction, so far as the power of the auditor is concerned, between a fraudulent claim and one that is not legal. See *People* v. *Wood,* 35 Barb, 656.

2. Is petitioner's claim a lawful one? This depends on whether or not the board of supervisors had the power to appoint him as sheriff's clerk. It is claimed that the board did have this power under subdivision 2 of section 62 of the county act, which provides that the board shall have the specific power to "appoint such subordinate officers as they may deem necessary for the public service", which is a general provision and might be applicable in the absence of any particular provision to the contrary. Section 110a of the county act provides that "Any

county officer may, with the approval of the board of supervisors, employ such clerks and other assistants as may be necessary to aid him in the performance of the duties of his office, and may, without such approval, remove the same." This last section is a particular specific provision covering the appointment of sheriffs' clerks, and in case of a conflict would undoubtedly control subdivision 2 of section 62. But there is no conflict between the two sections. A statute should be so construed as to make it consistent in all its parts and so that effect may be given to every section, clause or part of it. See *Ambler v. Whipple,* 139 Ill. 311; *Calhoun Gold Mining Co. v. Ajax Co.,* 27 Colo. 1. Even if the sheriff's clerk is a subordinate officer, still the power of the board of supervisors under section 62 to appoint such subordinate officers as they may deem necessary for the public service refers only to such subordinate officers whose appointment or election is not otherwise provided for in the county act, and the appointment of a sheriff's clerk is specifically provided for in section 110a.

The claim of petitioner that there is a dual method provided for appointing sheriffs' clerks, that is, ordinarily by the sheriff and under some circumstances by the board of supervisors, does not meet with our approval, for the reason that such a construction would lead to a conflict of authority. Either the board of supervisors or the sheriff has the power of appointment of the sheriff's clerk, and as the county act specifically provides that the sheriff shall appoint his own clerk, with the approval of the board of supervisors, that would seem to settle the question. And it is only right that the sheriff should appoint his own clerk.

It was also claimed that inasmuch as there was no qualified county sheriff for a week or so after July 1, and consequently no sheriff's clerk could be appointed by the sheriff, this appointment was justified and the writ should be made absolute. But this claim is mainly for salary after the sheriff was qualified and consequently in a position to make his own appointment. Whether or not petitioner is entitled to be paid by the county

for the work done by him up to the time that the sheriff qualified it is unnecessary to say, because that question does not arise in this case.

The order of the circuit judge denying the peremptory writ is affirmed.

*Carl S. Smith* for petitioner.

*Holmes & Stanley* for respondent.