STATE OF NEW JERSEY v. CLARENCE SMITH AND LEE STANFORD, DEFENDANTS.

Essex County Court
Law Division

Decided November 21, 1958.

*Mr. Alfred C. Clapp* argued for the motion on behalf of Clarence Smith.

*Mr. Hymen B. Mintz* argued for the motion on behalf of Lee Stanford.

*Mr. C. Robert Sarcone* argued against the motion on behalf of the State (*Mr. Charles V. Webb, Jr.,* attorney; *Mr. Peter N. Perretti,* on the brief).

LYONS, J. C. C. The defendants stand indicted for murder. At the time of commission of the alleged offense, each was 17 years of age. They now move the court to dismiss the indictment for the following reasons:

1. The failure of the Juvenile Court to conduct a preliminary hearing prior of its referral of the complaint to the county prosecutor.

2. Deprivation of the right to a preliminary hearing before a magistrate, following referral of the complaint to the county prosecutor.

It is urged that the denial of preliminary hearing in the Juvenile Court was particularly hurtful in this case because of the alleged unlawful detention of the defendants by the police authorities, during which detention there were obtained confessions which constitute the only evidence con-

necting the defendants with the homicide described in the indictment.

First, as to the proceedings in the Juvenile Court.

The record reveals that when the defendants appeared before that court on July 3, 1958 it was on a complaint that they had committed a murder in the course of perpetrating a robbery. The judge read the complaint aloud, and then read aloud *R. R.* 6:9–7, which provides, in part, that the judge "may at any time before final disposition refer the entire cause to the prosecutor * * * where the juvenile is over the age of 16 years, and is an habitual offender or the offense charged is of such a heinous nature that for the protection of society the matter should be handled as an adult criminal offense." Though besought by defendants' counsel to conduct a hearing, the judge did not do so but announced that because of the heinous nature of the offense and because of the fact that the court records indicated that the defendants were habitual offenders he would refer their cases to the county prosecutor in the interest of the welfare of society.

It is argued that such a summary disposition may not be lawfully made, since the operation of *R. R.* 6:9–7 is so affected by other rules governing the conduct of the court that a hearing must be accorded a defendant before referral may be made. But, even paramount to the reasoning based on the context of the Juvenile Court rules, is the *a fortiori* conclusion that a juvenile offender is certainly entitled to no less than is accorded an adult offender by *R. R.* 3:2–3(c), which provides for preliminary examination before a magistrate of the evidence in support of a criminal complaint made against an adult.

The difficulty with the latter contention is that *R. R.* 3:2–3(c) has not been incorporated by reference into the scheme controlling the hearing of cases involving juvenile offenders. whereas, it has been expressly made applicable to the complaint stage of proceedings against adult offenders in the Juvenile and Domestic Relations Court. See *R. R.* 6:4–2(e). Under these circumstances the interpolation of

*R. R.* 3:2–3(*c*) into the procedure dealing with the hearing of juvenile offenders seems to be entirely unwarranted.

Adverting now to the rules dealing with the hearing of juvenile cases, one encounters initially the fact that this is ·an integrated section of chapter III of the rules governing the court's disposition of juvenile offenses. This section is entitled "Hearing"; the section immediately preceding bears the legend, "Preliminary Proceedings." It is in the section dealing with preliminary proceedings that we find *R. R.* 6:8–4, which ordains that the determination of whether the court will entertain the complaint for hearing rests entirely upon the *ex parte* action of the judge, and in the exercise of his discretion therein he may call to his aid a probation officer or other person to investigate the matter.

My perusal of the rules concerning "Hearing," (*R. R.* 6:9–1 *et seq.*), satisfies me that they are concerned with the final hearing of cases on the merits, and not with hearings in the nature of preliminary examination. This conclusion is buttressed, it would seem, by *R. R.* 6:9–7, which confers upon the judge of the court the power, at any time before *final* disposition, to refer the entire cause to the prosecutor where the appropriate circumstances are present. And in case of referral the rule provides that: "The hearing before this court shall then be construed as preliminary in nature to determine the course to be followed. Any admissions by the offender shall not be held against him in any criminal proceeding that may follow such referral to the prosecutor." The fair import of this rule is not that a hearing must be held in every case, but if some hearing should be had, whether partial or complete, and the judge then decides to reject jurisdiction of the cause, whatever has occurred by way of hearing *shall then* be construed as preliminary in nature to determine the course to be pursued. The use of the language "shall then be construed" is clearly indicative of an intention to delimit the effect of whatever hearing has been conducted, so that it may not be accounted a hearing on the merits and thus it may not be used in support of a plea of double jeopardy in any subsequent criminal

proceedings. On the other hand, the defendant is protected against any unfavorable use of admissions elicited from him in the course of the hearing.

Now, what are the circumstances on which referral may be based? The defendant must be over the age of 16 years, and combined with that fact it must appear that he is an habitual offender or that the offense charged is of a heinous nature. In determining whether the necessary combination of factors exists, it is obvious that a hearing of the evidence supporting a complaint is not necessary in all instances. Certainly, not to establish the age of the alleged culprit or to found the conclusion that he is an habitual offender. Whatever hearing in these respects is indicated, if these factors be in dispute, would be concerned, not with the details of the accusation, but with the limited questions of age and previous record. It is on the factor of heinousness that some exploration of the factual picture of the offense may be required, but only where the offense charged is not *per se* indicative of that characteristic. Here the charge is murder—murder committed in the perpetration of a robbery. Its heinous character is rooted in legislative edict. Such an unlawful homicide is murder in the first degree. Our Supreme Court has twice declared itself as to the heinous character of murder. *State v. Vaszorich,* 13 *N. J.* 99, 110 (1953); *State v. Monahan,* 15 *N. J.* 34, 46 (1954).

It is my conclusion that the disposition made by the Juvenile Court, in so far as it rests upon the factors of age and the heinous character of the offense was properly made. There is no basis therein for dismissal of the indictment.

We come now to the problem of whether dismissal may be predicated on the procedure employed following referral of the matter to the prosecutor.

The statute provides that following referral to the prosecutor, such cases "shall thereafter be dealt with in exactly the same manner as a criminal case." *N. J. S.* 2A:4–15. The fair intendment of this provision would seem to require

that the prosecutor should bring such a defendant before a magistrate so that he might have the right of preliminary hearing. Such a course was not here followed. But the legal effect of failure in this respect cannot be a voiding of the indictment.

 R. R. 3:2–3(b) confers upon a person arrested on a complaint the right to preliminary examination before a magistrate. The right did not exist at common law, nor is it conferred by our Constitution. It is the purpose of the rule to have it determined by judicial inquiry whether there is probable cause for the accusation lodged against the defendant, and if such cause be not found, to relieve him from further restraint. *State v. Spindel,* 24 *N. J.* 395, 407 (1957). The area of operation of the rule is clearly within the complaint stage of a criminal proceeding. To be effectively employed there must be a timely availment of its terms. There are no sanctions prescribed for its non-observance. Certainly there is nothing in the rule to suggest that failure to accord a preliminary examination may result in destruction of an indictment for the crime alleged in the complaint. The grand jury is an autonomous body when acting within its proper sphere. Its power to investigate and to indict, though usually exercised after a formal complaint has been presented to it, is not so circumscribed. It may return indictment after investigation made on its own initiative, aside from and without regard to the existence or non-existence of a formal criminal complaint. *State v. War,* 38 *N. J. Super.* 201 (*Cty. Ct.* 1955); *United States v. Gray,* 87 *F. Supp.* 436 (*D. C. D. C.* 1949); *James v. Lawrence,* 176 *F.* 2d 18 (*Ct. App. D. C.* 1949), where it was held not improper for a U. S. Commissioner to grant, at the Government's request, a second adjournment of a preliminary examination on the representation that the grand jury was then considering the matters covered by the complaint and its return would likely be made before the requested adjourned date; *Clarke v. Huff,* 119 *F.* 2d 204 (*Ct. App. D. C.* 1941).

The motion is denied.