44 Haw. 455 (1960)
355 P.2d 46
IN THE MATTER OF ALFRED CASTRO, GILBERT CHANG, ROY I. OCHI, TERRY N. ODA, REGINALD S. SATAKE AND ALGY K. YANG. IN THE MATTER OF REGINALD S. SATAKE, ALGY K. YANG, TERRY N. ODA, ROY I. OCHI AND ALFRED CASTRO.
Nos. 4175, 4176.
Supreme Court of Hawaii.
August 16, 1960.
TSUKIYAMA, C.J., MARUMOTO, CASSIDY, WIRTZ AND LEWIS, JJ.
Martin Pence (Pence & Ushijima) for juveniles-appellants.
Cyril S. Kanemitsu, Deputy County Attorney, Hawaii County (Yoshito Tanaka, County Attorney) for appellee State of Hawaii.
*456 OPINION OF THE COURT BY WIRTZ, J.
These two cases, being designated below respectively as Juvenile No. 5442 and Juvenile Nos. 5303, 5465, 5466, 5467 and 5468, came before this Court by way of appeals from the orders of the judge of the juvenile court consenting to the trial of the juvenile parties as adults in criminal proceedings. The cases were joined on appeal for purposes of briefing and argument, inasmuch as, except for Gilbert Chang, who was named a party in only Juvenile No. 5442 (No. 4175 in this Court), the juvenile parties are identical in both cases; the cases all stem from sexual acts; all the charges here involved are felonies; the order of the Judge of the Juvenile Court covering Juvenile Nos. 5303, 5465, 5466, 5467 and 5468 (No. 4176 in this Court) was founded on his order entered in Juvenile No. 5442; and the legal problems in each are basically the same.
In Juvenile No. 5442: On Sunday, September 27, 1959, the six named juveniles, after being arrested for investigation for rape, were in the custody of the Hilo Police Department. They were all below the age of eighteen years but over fourteen years of age. The judge subsequently gave the county attorney his oral consent that they be tried as adults and not as juveniles. On September 29, 1959, an oral motion was made before the circuit judge in Criminal No. 3226, designated in the record as the "rape" case, for reduction of the bail set and as part of the argument the trial judge (also the juvenile judge) was urged to reconsider and handle the defendants as juveniles. This he refused to do giving his reasons. From this it appears that the judge had some information from the county attorney prior to giving his oral consent. Thereafter, a petition for rehearing was filed in the juvenile court. The designation of Juvenile No. 5442 appears on this petition. When this petition came on for hearing on December 10, 1959, before a new judge who had succeeded the previous judge, evidence was introduced pertaining to *457 "group sexual activity" on the part of other students of the high school they attended. The psychiatric reports of Dr. William E. Mayer, a Hilo psychiatrist, who had examined the boys, were also considered. At the conclusion of the hearing, the judge refused to change the prior judge's previously given consent and ordered the juveniles tried as adults.
In Juvenile Nos. 5303, 5465, 5466, 5467 and 5468: On October 29, 1959, petitions were filed in the juvenile court alleging the delinquency of five of the six juveniles named in Juvenile No. 5442; the charges against them were read on November 2, 1959; the cases were then continued until December 10, 1959, after the petition for rehearing in Juvenile No. 5442 had been concluded. At that time, counsel for the juveniles urged that they should be handled as juveniles on the same basis and for the same reasons and on the evidence as set forth in Juvenile No. 5442, Criminal No. 3226. The juvenile judge dismissed the petitions and, because he had ruled in Juvenile No. 5442 that the juveniles named were to be tried as adults, he ordered them likewise to be charged and tried as adults in these cases. A petition for rehearing was filed on December 21, 1959. Thereafter, the juvenile judge denied the petition and again ordered the juveniles to be handled as adults under criminal proceedings.
The specifications of error raise the question whether Chapter 333, R.L.H. 1955, relating to juvenile courts, requires that a formal petition be filed and a hearing held before the juvenile judge can consent to the institution of criminal proceedings against a juvenile under the age of eighteen years. Secondarily, they raise the question of whether or not the juvenile judge abused his discretion in so consenting in the instant case.
Despite the agreement of counsel that this court has jurisdiction to hear these appeals under the provisions of *458 § 333-11, R.L.H. 1955, and § 208-3, R.L.H. 1955, we have concluded to the contrary.
The primary question raised is one of statutory construction. It is fundamental that each part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole. Hardy v. Ruggles, 1 Haw. 457 [255]. In Thomas v. Norton, 8 Haw. 67, it was held that statutes should be interpreted according to the intent and meaning, and not always according to the letter, and every part thereof must be viewed in connection with the whole so as to make all parts harmonize, if practicable, and give a sensible and intelligent effect to each. Also see Tilton v. Commonwealth, 196 Va. 774, 85 S.E. 2d 368. Also, a statute should be so construed as to make it consistent in all its parts and so that effect may be given to every section, clause or part thereof. Lyman v. Maguire, 17 Haw. 142.
The intention of the legislature is to be obtained primarily from the language used in a statute. Where adherence to the strict letter of the statute would lead to an absurdity or contradictory provisions some degree of implication may be called in to aid the intent of the legislature. Cf., Territory v. Fasi, 40 Haw. 478; Employees' Retirement System v. Wah Chew Chang, 42 Haw. 532. Thus, a statute may be construed contrary to its literal meaning when a literal meaning would result in an absurdity or inconsistency and the words used are susceptible of another construction which will carry out the manifest intention. Cf., Territory v. Merseberg, 35 Haw. 248.
The circuit courts have general jurisdiction over all criminal offenses cognizable under the laws of this State. R.L.H. 1955, § 215-17, par. (a). In limitation, there have been created juvenile courts possessing original jurisdiction over minors between the ages of twelve and eighteen years in delinquency proceedings. R.L.H. 1955, §§ 333-1, *459 333-2, 333-9. This original jurisdiction is not exclusive with respect to felonies, though the consent of the judge of the juvenile court "which would have jurisdiction" is required for criminal prosecutions. Throughout this opinion we are speaking of minors who are under eighteen years of age at the time when proceedings are instituted.
To insure the juvenile court's original jurisdiction all minors under the age of eighteen years, upon arrest, are to be brought to the attention of the juvenile court as soon as reasonably practicable. R.L.H. 1955, § 333-10. Although literally this latter section seems to require the filing of a petition in all such cases, this does not necessarily follow in view of the juvenile court's power of selective jurisdiction.
Section 333-10, R.L.H. 1955, provides:
"Whenever any child under the age of eighteen years is arrested * * * such child shall, * * * be taken before the juvenile court and the officer making the arrest shall, unless some other person does so, make and file a petition against such child * * * and the judge shall proceed to hear and determine the matter in like manner as hereinbefore provided. * * *"
To apply these provisions literally would render meaningless the provisions of Sections 333-5 and 333-1, R.L.H. 1955.
Section 333-5 provides in part that:
"Whenever any person informs the court that a child is a dependent or delinquent child within the purview of this chapter, the court shall make a preliminary inquiry to determine whether the interests of the public or of the child require that further action be taken. Thereupon the court may make such informal adjustment as is practicable without a petition, or may authorize a petition to be filed by any person. * * *"
*460 Section 333-1 sets forth the consent requirements for criminal proceedings by concluding:
"* * * Proceedings under this chapter shall not be deemed to be criminal proceedings and such proceedings shall not prevent the trial by criminal procedure in the proper courts of children over fourteen years of age charged with the commission of a felony. No such criminal proceedings shall be instituted against any child under eighteen years of age without the consent of the judge of the juvenile court which would have jurisdiction over such child under the provisions of this chapter, and no criminal proceedings shall be instituted against any person eighteen years of age or over for any crime or misdemeanor for which proceedings previously have been instituted under the provisions of this chapter without the consent of the judge of the juvenile court in which such proceedings under the provisions of this chapter previously have been instituted."
These last quoted provisions clearly indicate the legislative intent of a grant of power to the juvenile judge to permit him to preliminarily determine the question of his exercise of jurisdiction over juveniles in particular cases, and in the case of felonies, to consent to criminal prosecution in the circuit courts in individual cases. Section 333-10 can only require the filing of petitions in those cases where the judge of the juvenile court entertains jurisdiction in proceedings of dependency and delinquency under Chapter 333, R.L.H. 1955, and has not preliminarily indicated that he does not desire to entertain such jurisdiction. Any other construction would do violence to the manifest intent of the legislature to vest in the judge of the juvenile court broad discretionary power of selective jurisdiction as expressed in Sections 333-5 and 333-1. Of course, Sections 333-10 and 333-5 read together require a *461 petition to support a determination of delinquency with its attendant consequences.
Further, it should be borne in mind that R.L.H. 1955, § 333-10 was enacted into law in 1909 while § 333-5 and the provision for consenting to criminal prosecution set forth in § 333-1 above quoted became law in 1945 and 1947 respectively. If these later enactments and the earlier provision dealing with this same subject cannot be harmonized, the new provisions should prevail as the latest declaration of the legislative will. Cf., State ex rel Maryland Casualty Co. v. District Court, 134 Minn. 131, 158 N.W. 798; United States Fidelity & Guaranty Co. v. Anderson, 38 Wyo. 88, 264 Pac. 1030; Mogis v. Lyman-Richey Sand & Gravel Corp., 189 F.2d 130; 1 Sutherland, Statutory Construction, 3d ed., § 1934, p. 430.
Certainly, everything that the judge of the juvenile court did and said in these cases indicated a clear intention on his part not to entertain jurisdiction over these juveniles in these particular cases. In No. 5442 he consented to criminal prosecution. In Nos. 5303, 5465, 5466, 5467 and 5468, he refused to proceed further on the petitions filed by dismissing them and consented to criminal prosecution.
The fact that hearings or rehearings were granted herein by the juvenile judge prior to his consenting to criminal prosecution under Section 333-1 does not make his decisions subject to review on appeal inasmuch as no assumption of juvenile court jurisdiction was required by our statute for this purpose. Only Section 333-11 gives a right of appeal, and that relates to cases in which jurisdiction is exercised, not refused.
If hearings were required with respect to the consent to criminal prosecutions, it might be argued that assumption of juvenile court jurisdiction was a preliminary to consideration of the consent matter. However, no hearings are required by our statute. United States v. Stevenson, *462 170 F. Supp. 315 (D.C. 1959). See State v. Smith, 52 N.J. Super. 556, 146 A.2d 224; Hall v. Commonwealth, 231 Ky. 473, 21 S.W. 2d 799. In those jurisdictions requiring a hearing, the cases that have come to our attention disclose either an express statutory requirement for a hearing or for a determination of the existence of certain facts or conditions necessarily implying a hearing for such purpose. Cf., State v. Van Buren, 29 N.J. 548, 150 A.2d 649; Berry v. State, 209 Ala. 120, 95 So. 453; Ex parte Lewis, 85 Okla. Crim. 322, 188 P.2d 367; Wilson v. State, 65 Okla. Crim. 10, 82 P.2d 308; Wade v. Warden of State Prison, 145 Me. 120, 73 A.2d 128; Tilton v. Commonwealth, supra.
In the Stevenson case, supra, the statute provided that "* * * the judge may, after full investigation, waive jurisdiction and order such child held for trial under the regular procedure of the court [criminal prosecution] which would have jurisdiction of such offense if committed by an adult; * * *" and the court there expressed the following views:
"It is the view of this court that D.C.C. Sec. 11-914 does not require, as a prerequisite to waiver, that the Juvenile Court Judge personally make the `full investigation' prescribed by the statute, but that the only requirement is that the judge be fully advised of relevant facts, by such means as are available to him through the various branches of the Court, so that he may intelligently exercise his discretion. To construe the statute otherwise would place an undue and unnecessary burden upon the judge, would be of little or no advantage to the child whose case is under consideration, and would inure to the detriment of other youngsters by denying them adequate and timely consideration by the judge.
"The statute does not provide for a hearing on the question of waiver. There is no reason to take the *463 phrase `full investigation' at other than its face value. A requirement that there be an investigation carries with it no command that a quasi-judicial or judicial hearing be conducted. * * *" (p. 318.)
Here, the legislature placed no requirement of a "full investigation" on the judge of the juvenile court, nor did it require any findings of fact or conditions by the judge. On the other hand, the legislature made clear that no hearing was required prior to consent being given by specifically providing that such consent may be given by "the judge of the juvenile court which would have jurisdiction over such child under the provisions of this chapter." (Emphasis added.)
It is clear that the rehearing and appeal contemplated by Section 333-11, R.L.H. 1955, is from actions of the judge "exercising jurisdiction as judge of the juvenile court" in proceedings of dependency or delinquency. Such plainly was not the case in Juvenile No. 5442. While a petition for delinquency was before the judge of the juvenile court in Juvenile Nos. 5303, 5465, 5466, 5467 and 5468, the judge refused to exercise jurisdiction by dismissing the petitions, which action can hardly be, nor was it made, the basis of appeal. In all instances under these appeals, the complaint was against the "consent" of the judge of the juvenile court to criminal prosecution. These decisions were not appealable here.
We do not mean to imply that the consent of the judge of the juvenile court was or was not here given arbitrarily and capriciously. That question, which is raised under these appeals improperly taken, is not now before us.
Appeals dismissed.