In the Matter of the Tax Appeal of DAVID P. AINOA, Taxpayer

NO. 6462

FEBRUARY 28, 1979

RICHARDSON, C. J., OGATA, MENOR and
KIDWELL, JJ., and RETIRED JUSTICE MARUMOTO
assigned by reason of vacancy

OPINION OF THE COURT BY MARUMOTO, J.

This case is here on an appeal by David P. Ainoa, a native Hawaiian lessee of Hawaiian home land in Kamiloloa, Molokai, from a Tax Appeal Court judgment dismissing his appeal from a decision of the Board of Review of the Second Tax Division, which determined, that for real property tax purpose for the tax year 1975-1976, the assessed value of the land leased by him was $32,834.

The Board of Review made its decision upon Appellant's appeal from a determination of the Maui District Office of the State Tax Department that the assessed value of the land was $38,629. That office had also made a determination of assessed value of $8,661 for the improvements on the land, but Appellant did not appeal from that determination.

Appellant uses and occupies the land for residential purpose as lessee under Hawaiian Home Land Lease No. 7405, granted by the Department of Hawaiian Home Lands on April 27, 1962, pursuant to section 207(a) of the Hawaiian Homes Commission Act of 1920, which authorizes the Department to lease to native Hawaiians the right to the use and occupancy of any tract or tracts of Hawaiian home lands.

The Hawaiian Homes Commission Act of 1920, which will hereinafter be referred to as the Act, is a legislation enacted by the United States Congress when Hawaii was a territory of the United States. It has been adopted as a law of the State of Hawaii in Article XI of the State constitution, as a compact with the United States, pursuant to section 4 of the Admission Act.

The purpose of the Act is to rehabilitate native Hawaiians on lands given the status of Hawaiian home lands under section 204 of the Act. Thus, native Hawaiians are special objects of solicitude under the Act.

Every Hawaiian home land lease is for a term of 99 years from its date, at a rental of $1.00 per year, and is subject to the conditions contained in section 208 of the Act. Under section 207(b) of the Act, title to the leased land remains in the State of Hawaii.

Section 208(6) of the Act provides that "lessee shall pay all taxes assessed upon the tract and improvements thereon", but under section 208(7), an original lessee is "exempt from all taxes for the first seven years from date of lease."

At issue on this appeal is the amount of tax which Appellant is required to pay for the tax year 1975-1976 under section 208(6) of the Act.

The amount of tax is $491.12 on the basis of the assessed value of the land, and the improvements thereon, determined by the Maui District Office; $418.69 on the basis of the assessed value of the land determined by the Board of Review, and the assessed value of the improvements determined by the Maui District Office; and $8.26 on the basis of Appellant's contention regarding the assessed value of his leasehold interest in the land, and the assessed value of the improvements determined by the Maui District Office.

The respective amounts are calculated as follows:

|  | MAUI DISTRICT OFFICE | BOARD OF REVIEW | APPELLANT |
|---|---|---|---|
| Assessed value: |  |  |  |
| Improvements | $ 8,661 | $8,661 | $8,661 |
| Land | 38,629 | 32,834 |  |
| Leasehold |  |  | 0 |
| Total assessed value | 47,290 | 41,495 | 8,661 |
| Home exemption | 8,000 | 8,000 | 8,000 |
| Net assessed value | 39,290 | 33,495 | 661 |
| Tax rate | .0125 | .0125 | .0125 |
| Amount of Tax | $491.12 | $418.69 | $ 8.26 |

The tax required to be paid by Appellant consists of two parts, namely, the tax on the tract, and the tax on the improvements on the tract.

The amount of tax on the improvements on the tract is not in issue, for Appellant did not appeal the determination of the assessed value of the improvements made by the Maui District Office. Thus, the question for decision by this court is limited to the amount of tax which is attributable to the tract.

In order to resolve the question at hand, as so limited, it is necessary to consider whether the tax on the tract, mentioned in section 208(6) of the Act, is:

(1) a tax on the fee simple estate in the land leased to Appellant, title to which is retained by the State under section 207(b) of the Act; or

(2) a tax on the leasehold interest owned by Appellant in the land leased by him.

Appellant assumes that the tax which he is required to pay is a tax on his leasehold interest. This is clear from the following statement in his opening brief:

"As lessee of Hawaiian Home Lands, Taxpayer's assessment must be based on the fair market value of his leasehold (land and improvements)."

Appellant bases his entire case on that assumption, and contends that the value of his leasehold interest is zero and the amount of tax which he is required to pay, other than on improvements, is zero.

Such assumption is untenable. Section 201(a)(6) of the Act defines "tract" to mean "any tract of Hawaiian home lands leased, as authorized by section 207 of this title, or any portion of such tract." Under section 207(a) of the Act, the Department of Hawaiian Home Lands is authorized to lease to native Hawaiians the right to the use and occupancy of "a tract or tracts" of Hawaiian home lands within specified acreage limits.

Thus, in the context of the Act, the word "tract" cannot be construed to mean leasehold interest of a lessee of Hawaiian home land.

Furthermore, at the time of the enactment of the Act, the Territory had no statute taxing any leasehold interest, except leasehold interest acquired before May 2, 1917, the date of approval of S.L.H. 1917, c. 222. In that situation, it would have been meaningless for Congress to require a Hawaiian home land lessee to pay a tax on his leasehold interest.

Under Appellant's contention, the provision of section 208-6 of the Act requiring a Hawaiian home land lessee to "pay all taxes assessed upon the land", becomes surplusage.

It is a cardinal rule of statutory construction that the courts are bound, if possible, to give effect to all parts of a statute, and no sentence, clause or word shall be construed as surplusage if a construction can be legitimately found which will give force to and preserve all the words of the statute. *Re Castro and Others*, 44 Haw. 455, 458, 355 P.2d 46, 48 (1960); *In re Pringle*, 22 Haw. 557, 564 (1915); *Lyman v. Maguire*, 17 Haw. 142, 145 (1905).

Our holding makes it unnecessary to discuss Appellant's contention that the market value of his leasehold interest is zero, for the tax being on the fee simple estate of the State and not on the leasehold interest of Appellant, it is immaterial whether the value of his leasehold interest is zero or otherwise.

Appellant also contended in this court, and in the Tax Appeal Court, that the manner in which the Board of Review determined the assessed value of the land was arbitrary and irrational.

Under our holding that the tax is on the fee simple estate of

the State, that contention is moot, by reason of the following statement made by Appellant's attorney in the Tax Appeal Court: "If this was a fee simple parcel and Mr. Ainoa was the owner, we would have no quarrel at all with the $32,000 figure."

The value appealed from was the assessed value of $32,834, not $32,000. However, we think that, in accepting the $32,000 figure, Appellant's attorney was referring to the assessed value of the fee simple value of the land leased by Appellant in round figures.

Be that as it may, in our opinion, it is clear under HRS § 232-3(1) that Appellant cannot sustain an appeal even by showing that the method used in determining the assessed value was wrong without adducing any evidence of the fee simple value of the land. HRS § 232-3(1) provides:

> § 232-3. Grounds of appeal, real property taxes. In the case of a real property tax appeal, no taxpayer or county shall be deemed aggrieved by an assessment, nor shall an assessment be lowered or an exemption allowed, unless there is shown:
>
> (1) Assessment of the property exceeds by more than twenty per cent the ratio of assessment to market value used by the director of taxation as the real property tax base, . . .

In the Tax Appeal Court, despite repeated requests by the Court, Appellant failed to provide it with any evidence of the fair market value of the fee simple interest in the land.

A careful reading of the Act shows the intention of Congress, first, to rehabilitate native Hawaiians on Hawaiian home lands by granting 99-year leases at nominal rental; second, to assist Hawaiian home land lessees in their rehabilitation by exempting them from any payment of taxes during the first seven years of the lease period; and, third, to require such lessees to bear and pay their fair share of taxes on the lands leased by them.

In providing for the payment by Hawaiian home land lessees of all taxes upon the tract, Congress obviously followed the law applicable to homestead leases. R.L.H. 1915, § 410, which was in effect at the time of enacement of the Act,

provided:

> Sec. 410. Taxable as fee. Land held . . . under a homestead lease, shall be liable to taxation as estates held in fee.

The requirement subjecting Hawaiian home lands to taxation as estates held in fee is not inconsistent with the objective of rehabilitating native Hawaiians on such lands.

The assessed value of $32,834 of the land leased by Appellant meant that the land had a fair market value of $46,905 in the tax year 1975-1976, the assessed value in that tax year being 70 percent of the fair market value. Assuming that a fair annual rental is four percent of the fair market value, the annual rental for the tax year 1975-1976 would have been $1,876.[1] Yet, for the duration of his lease, Appellant is required to pay a rental of only one dollar per year, regardless of any increase in the future fee simple value of the land.

Affirmed.

*Linda-Mei Leong and Ronald Albu* (Legal Aid Society of Hawaii) for Taxpayer-Appellant.

*T. Bruce Honda,* Deputy Attorney General, for Director of Taxation, Appellee.

---

[1] HRS § 519-2(2), relating to residential leases of real property provides: "Upon renegotiation, the lease rent payable shall not exceed the amount derived by multiplying the 'owner's basis' by four percent."