IN THE MATTER OF THE CLAIM OF MURIEL W.K.W. LUM, Individually and as Personal Representative of the ESTATE OF HAROLD H. LUM, GERARD THOMAS Y.O. LUM, and VIRGINIA MARIE N.S. YOUNG, Claimants-Appellees, *v.* THE QUEEN'S MEDICAL CENTER, Respondent-Appellant, and STEWART Y. MATSUMOTO, M.D., CARDIOVASCULAR CONSULTANTS, INC., JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, AND ROE GOVERNMENTAL AGENCIES 1-10, Respondents, BEFORE THE MEDICAL CLAIM CONCILIATION PANEL

NO. 11990

(S.P. NO. 86-0395)

NOVEMBER 9, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI
AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Claimants-appellees filed a wrongful death claim with the Medical Claims Conciliation Panel (MCCP) pursuant to Hawaii Revised Statutes (HRS) § 671-12 (1985).[1]

---

[1] Pursuant to HRS Chapter 671, any medical tort claim must be submitted to a medical claim conciliation panel before suit can be commenced in any state court. HRS § 671-12; *Tobosa v. Owens*, 69 Haw. ____, 741 P.2d 1280 (1987).

Prior to any panel being formed for this claim,[2] claimants-appellees obtained a subpoena duces tecum signed by the executive secretary to the MCCP. The subpoena duces tecum commanded Dr. J. Judson McNamara, as the director of Cardiovascular Services at the Queen's Medical Center (Queen's), to produce

[a]ll notes, memoranda, reports, studies, correspondence and other documents regarding or related to postoperative complications of cardiothoracic surgery performed at The Queen's Medical Center, including but not limited to all documents regarding or related to the incidence, etiology and/or prevention of such complications. *NOTE:* You are not required to produce any medical texts, journal articles or other publications, except insofar as they may be incorporated within the above-described documents. (Emphasis in original.)

(Record on Appeal at 7-8.)

When no documents were produced within the time required by the subpoena duces tecum, claimants-appellees filed a motion to compel compliance therewith in the circuit court. At the hearing on the motion, Queen's argued that the documents ordered to be produced were statutorily privileged and immune from discovery.

The circuit court judge ordered Queen's to comply with the subpoena duces tecum, but allowed the excision from the documents all patients' names, all conclusions, and statements regarding the evaluation of professional competence or performance of any physician. Sanctions were also imposed upon Queen's. (Record on Appeal at 282.)

Queen's appeals the court's order. We reverse.

## I.

## A.

Claimants-appellees contend that notwithstanding the literal language of HRS § 671-13 the executive secretary had authority to

---

[2] HRS § 671-11 provides for the establishment of medical claim conciliation panels to "review and render findings and advisory opinions on the issues of liability and damages in medical tort claims against health care providers." A different panel is formed for each claim submitted.

sign the subpoena duces tecum for discovery purposes. We disagree.

> Where the language of the statute is plain and unambiguous, and the literal application of the language would not produce an absurd or unjust result, and the language is clearly consistent with the purposes and policies of the statute, judicial construction is inappropriate and it is our duty to give effect to the law according to its plain and obvious meaning. *State v. Palama,* 62 Haw. 159, 612 P.2d 1168 (1980).

*Puchert v. Agsalud,* 67 Haw. 25, 34, 677 P.2d 449, 456 (1984), *appeal dismissed,* 472 U.S. 1001 (1985).

Under HRS § 671-13, the plain and clear language prohibits the parties involved in the medical tort claim from conducting discovery for the hearing before the MCCP.

The pertinent and applicable sentence in HRS § 671-13 states: "Discovery by the parties shall not be allowed."

Furthermore, under HRS § 671-13, the plain and clear language allows only a member of the MCCP to sign a subpoena for the appearance and testimony of witnesses and for the production of documentary evidence. When the subpoena issued by the panel is disobeyed, only the MCCP can seek the assistance of the circuit court. The court may then issue an order requiring compliance.[3]

In this case, contrary to the clear language of the statute, claimants-appellees conducted discovery by obtaining a subpoena signed by the executive secretary to the MCCP and sought the assistance of the circuit court to compel compliance with the subpoena.

---

[3] The pertinent paragraph within § 671-13 states:

"*The panel shall have the power to require by subpoena the appearance and testimony of witnesses and the production of documentary evidence.* When such subpoena power is utilized, notice shall be given to all parties. The testimony of witnesses may be taken either orally before the panel or by deposition. *In cases of refusal to obey a subpoena issued by the panel, the panel may invoke the aid of any circuit court in the State, which may issue an order requiring compliance with the subpoena.* Failure to obey such order may be punished by the court as a contempt thereof. *Any member of the panel may sign subpoenas,* administer oaths and affirmations, examine witnesses, and receive evidence. Notwithstanding such powers, the panel shall attempt to secure the voluntary appearance, testimony, and cooperation of parties, witnesses, and consultants without coercion." (Emphasis supplied.)

B.

"The primary duty of the courts in interpreting statutes is to ascertain and give effect to the intention of the legislature which in the absence of a clearly contrary expression is conclusively obtained from the language of the statute itself." *Stop H-3 Association v. State,* 68 Haw. ____, ____, 706 P.2d 446, 451 (1985).

The legislature created medical claim conciliation panels to review medical tort claims and render advisory opinions to encourage early settlement of the claims and to provide confidentiality of the involved parties prior to the filing of a suit in court. The legislature viewed this system as an efficient and less costly way of dealing with medical tort claims. *Tobosa v. Owens,* 69 Haw. ____, ____, 741 P.2d 1280, 1285 (1987).

A reading of the provisions of Chapter 671 suggests a scheme whereby the members of a medical claim conciliation panel can share their knowledge and expertise in determining what information and evidence are relevant and necessary in rendering an advisory opinion.[4]

The executive secretary to the MCCP, not being privy to the panel's expertise and not involved in the rendering of an advisory opinion, is not in a position to determine the propriety and necessity of the testimony or documents sought to be subpoenaed.

Furthermore, HRS § 671-13 urges the panel to secure the voluntary cooperation of the parties. If claimants-appellees had persuaded the panel that the documents sought were necessary or desirable to the panel's decision-making, the panel would be in a position to seek voluntary cooperation from Queen's prior to engaging in the more drastic and costly measures of issuing subpoenas and enlisting the aid of the circuit court in enforcing the subpoena. Claimants-appellees, however, did not undertake to seek the assistance of the panel.

---

[4] Pursuant to HRS § 671-11, each panel is composed of one person experienced in the personal injury claims settlement process, a licensed attorney, and a licensed physician. The qualifications required of panel members suggest that these members will share their knowledge and expertise in their respective fields to aid the panel in reaching their decision.

## II.

We hold that only members of a medical claim conciliation panel, and not the executive secretary, are authorized to sign subpoenas. We further hold that because the parties involved in a medical tort claim before a medical claim conciliation panel cannot conduct discovery, only the panel can seek the assistance of the circuit court for the compliance of a subpoena issued by the panel.

The order of the circuit court is vacated, and this case is remanded for the entry of an order dismissing claimants-appellees' Motion For Compliance.

*Rene McWade (Dennis E.W. O'Connor* and *Cid H. Inouye* with her on the brief; *Reinwald, O'Connor & Marrack)* for respondent-appellant.

*David L. Fairbanks (L. Richard Fried, Jr.,* with him on the brief; *Cronin, Fried, Sekiya, Kekina & Fairbanks)* for claimants-appellees.