In the Matter of the Tax Appeal of ALOHA MOTORS, INC., Taxpayer-Appellant

NO. 12240

(TAX APPEAL CASE NO. 2219)

FEBRUARY 16, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY HAYASHI, J.

Taxpayer-Appellant Aloha Motors, Inc. (hereinafter "Aloha Motors") appeals the tax appeal court order dismissing with preju-

dice the case against Appellee the State of Hawaii Director of Taxation (hereinafter "Tax Director"). Aloha Motors had mistakenly paid use taxes from 1968 to 1981, discovered the error in 1981, and then sought a refund. But citing the three-year statute of limitations in Hawaii Revised Statutes (hereinafter "HRS") § 237-40(d), the Tax Director had 1) refunded only the 1978 to 1981 payments; and 2) refused to give back more claiming that Aloha Motors had failed to timely request refunds for the other periods. The tax appeal court had ruled that 1) it lacked the jurisdiction to decide the action; and 2) the statute of limitations had expired. Aloha Motors mainly contends that the tax appeal court erred since 1) jurisdiction existed; and 2) the statute of limitations did not begin running until the error had been found. We agree that the tax appeal court had the jurisdiction to decide the case but determine that Aloha Motors is not entitled to relief.

I.

## BACKGROUND FACTS.

The case was submitted on stipulated facts, so no dispute exists over the pertinent events. From 1966 to 1982, Aloha Motors was a franchised dealer of General Motors (hereinafter "GM") products in Hawaii. In 1966 when the franchise began, Aloha Motors became obligated to pay a ½% wholesale use tax on all GM imports purchased for sale in Hawaii under HRS § 237-13 (since GM had no business office here, it paid no taxes). This situation continued even when a GM subsidiary, the General Motors Overseas Distributors Corporation (hereinafter "GMODC"), was established in Honolulu on January 1, 1968 because the Tax Director determined that GMODC, which sold no GM products here, owed no general excise taxes.

In November 1969, however, GMODC commenced accepting purchase orders from GM Hawaii retail dealers such that GMODC became solely responsible for the ½% wholesale use tax although franchise dealers, like Aloha Motors, continued to import GM

products. Aloha Motors' obligation thus ended but neither the Tax Director nor GMODC notified Aloha Motors about this change. Consequently, Aloha Motors was unaware that it no longer was required to pay and did not stop paying use taxes until the mistake was uncovered in 1981.

Upon realizing the error, Aloha Motors asked for a refund of the 1968 to 1981 tax payments. The Tax Director agreed to give back the 1978 to 1981 payments, but refused to refund more arguing that Aloha Motors had neglected to seek repayment within the three years established by HRS § 237-40(d), so the claim was barred. Aloha Motors then sought review by the tax appeal court seeking $914,506.12 for the 1968 to 1977 tax payments.

On appeal, the parties agreed to stipulated facts and requested the tax appeal court to decide whether the statute of limitations applied. The Tax Director also claimed that the case should be dismissed for the lack of jurisdiction or the failure to state a claim because 1) HRS § 237-40(d) was a non-waivable nonclaim statute (as opposed to an ordinary statute of limitations) which required that Aloha Motors have made a timely refund demand as a condition precedent to any repayment; and 2) Aloha Motors had voluntarily paid by mistake, so did not follow the proper tax appeal procedures.

On May 13, 1987, the tax appeal court granted the motion to dismiss with prejudice ruling that 1) no jurisdiction existed because Aloha Motors had failed to either appeal a controverted tax assessment (HRS § 238-8) or pay taxes under protest (HRS § 40-35); and 2) even if jurisdiction were present, the nonclaim statute of HRS § 237-40(d), barred the claim.

This secondary appeal then followed.

II.

*QUESTIONS PRESENTED.*

1. Whether the tax appeal court erred by ruling that no jurisdiction existed to hear the case? YES.

2. Whether the tax appeal court erred by holding that

HRS § 237-40(d) precluded Aloha Motors from seeking refunds prior to 1978? NO.

III.

*TAX APPEAL COURT JURISDICTION.*

Aloha Motors maintains that jurisdiction existed for the tax appeal court to review the Tax Director's erroneous acceptance of duplicative use tax payments notwithstanding that no assessments were made, no challenges were raised, and Aloha Motors never paid the taxes under protest. The Tax Director counters that Aloha Motors has not followed the proper procedures described in HRS chapters 237 and 238 so is not entitled to any refund.

To resolve this dispute, we must ascertain and give full effect to the legislative intent of the controlling laws which, in the absence of a clearly contrary expression, is conclusively obtained from the statutory language. *Lum v. Queen's Medical Center,* 69 Haw. ___, 744 P.2d 1205 (1987). The legislative purpose must be implemented to the highest degree. *Crawford v. Crawford,* 69 Haw. ___, 745 P.2d 285 (1987).

The relevant statutes provide in pertinent part (emphasis added):

§ *40-35 Payment to State under protest.* (a) Any disputed portion of moneys representing a claim in favor of the State may be *paid under protest* to a public accountant of the department, board, bureau, commission, or other agency of the State with which the claimant has the dispute. The protest shall be in writing, signed by the person making the payment, or by the person's agent, and shall set forth the grounds of protest. If any payment, or any portion of any payment, is made under protest, the public accountant to whom the payment is made shall hold that portion of the moneys paid under protest in a trust account in the state treasury for a period of thirty days from the date of payment.

§ *235-114 Appeals. Any person aggrieved by any assessment of the tax or liability imposed by this chapter may appeal from the assessment in the manner and within the time hereinafter set forth. Appeal may be*

*made either to the district board of review or to the tax appeal court.*

If the appeal is first made to the board, the appeal shall either be heard by the board or be transferred to the tax appeal court for hearing at the election of the taxpayer or employer, and if heard by the board an appeal shall lie from the decision thereof to the tax appeal court and to the supreme court in the manner and with the costs provided by chapter 232. The supreme court shall prescribe forms to be used in the appeals which shall be as nearly identical as practicable with the forms prescribed or permitted by law in the case of property tax appeals; provided that the forms shall show the amount of taxes or liability upon the basis of the taxpayer's computation of the taxpayer's taxable income or the employer's computation of the employer's liability, the amount upon the basis of the assessor's computation, the amount upon the basis of the decisions of the board of review and tax appeal court, if any, and the amount in dispute. If or when the appeal is filed with or transferred to the tax appeal court, the court shall proceed to hear and determine the appeal, subject to appeal to the supreme court as is provided in chapter 232.

Any taxpayer or employer appealing from any assessment of income taxes or liability shall lodge with the assessor or assistant assessor a notice of the appeal in writing, stating the ground of the taxpayer's or employer's objection to the additional assessment or any part thereof, which notice of appeal shall be filed at any time within thirty days subsequent to the date when the notice was mailed properly addressed to the taxpayer or employer at the taxpayer's or employer's last known residence or place of business. Except as otherwise provided, the manner of taking the appeal, the costs applicable thereto, and the hearing and disposition thereof, including the distribution of costs and of taxes paid by the taxpayer pending the appeal, shall be as provided in chapter 232.

§ *237-40 Limitation period.*

. . . .

(d) Refunds. No credit or refund shall be allowed for any tax imposed by this chapter, unless a claim for such credit or refund *shall be filed within three years after the annual return was filed, or in*

*any case of payment of tax without the filing of an annual return, within three years after payment of tax, or within three years of the date prescribed for the filing of the annual return,* whichever is later. The limitation shall not apply to a credit or refund pursuant to an appeal, provided for by section 237-42.

§ *238-8 Appeal, correction of assessment.* If any person having made the return and paid the tax as provided by this chapter feels aggrieved by the assessment so made upon the person by the director of taxation, the person may, *provided the tax so assessed shall have been paid, appeal the assessment in the manner and within the time and in all other respects as provided* in section 235-114, for which purpose the word "income" shall be deemed to refer to purchase price or value, as the case may be. The hearing and disposition of the appeal, including the distribution of costs and of taxes paid pending the appeal, shall be as provided in chapter 232.

Obviously, as Aloha Motors concedes, the prescribed procedures were not adhered to because no assessments or payments under protest occurred. By not observing the required steps, therefore, Aloha Motors is at fault, but the tax appeal court was not thereby divested of the jurisdiction to entertain an action contesting the Tax Director's decision. *See Aetna Life Insurance Co. v. Park,* 5 Haw. App. 122, 678 P.2d 1104 (1984). The governing statutes do not rob the tax appeal court of the power to hear aggrieved taxpayer petitions from adverse rulings by the Tax Director. *See e.g., In re Tax Appeal of Tradewind Tours of Hawaii, Inc.,* 6 Haw. App. ____, 718 P.2d 1122 (1986).

This court must preserve the integrity of the tax provisions and give force to all parts of the applicable statutes. *See In re Tax Appeal of Ainoa,* 60 Haw. 487, 591 P.2d 607 (1979); *cf. In re Tax Appeal of United Meat Co.,* 69 Haw. ____, 735 P.2d 935 (1987). Because no statutory language supports the Tax Director's position on the tax appeal court's alleged lack of jurisdiction, we hold that the tax appeal court possessed the authority to review the merits of this use tax matter. *See e.g., In re Tax Appeal of Puna Sugar Co.,* 56 Haw. 621, 547 P.2d 2 (1976). Aloha Motors was thus entitled to a judicial hearing. *See e.g., In re Tax Appeal of Simpson Manor, Inc.,* 57 Haw. 1, 548 P.2d 246 (1976).

IV.

*THE EFFECT OF HRS § 237-40(d).*

Aloha Motors next asserts that the three-year statute of limitations did not commence running until the erroneous payments were discovered in 1981. The Tax Director responds that HRS § 237-40(d) cannot be tolled.

HRS § 237-40(d) provides that "[n]o credit or refund shall be allowed . . . unless a claim . . . shall be filed within three years after the annual return was filed, or . . . payment of tax . . . ." The purpose of this limitations statute is to discourage delay and the presentation of stale claims. *Wiegand v. Allstate Insurance Cos.,* 68 Haw. ____, 706 P.2d 16 (1985). A timely claim, moreover, alerts the Tax Director to immediately 1) correct any perceived error; or 2) not spend the disputed funds to protect the parties' rights.

No discovery tolling period applies to tax statutes. Refund claims based on overpayments must be filed within the prescribed time, regardless of when the error was actually found. *See Hawaiian Airlines, Inc. v. State of Hawaii Department of Taxation,* 68 Haw. ____, 716 P.2d 1138 (1986).[1] Accordingly, Aloha Motors loses under the clear and unambiguous language of HRS § 237-40(d).

The parties have cited caselaw from other states on this question, and we recognize the conflicting authorities. *See Board of County Commissioners of Morgan County v. Doherty,* 114 Colo. 594, 168 P.2d 556 (1946) (en banc) (Colorado statutes required the recovery of property taxes mistakenly paid pursuant to the erroneous assessment of unrelated land where the taxpayer promptly filed suit after realizing the mistake and such that the six-year statute of limitations was inapplicable); *Middleton Motors, Inc. v. Indiana Department of State Revenue, Gross Income Tax Division,* 269 Ind. 282, 380 N.E.2d 79 (1978) (the taxpayer's failure to timely contest the

---

[1] For tort claims in general (excluding specific statutes), the limitations period does not begin running until the injured plaintiff's cause of action accrues or when reasonable discovery would have uncovered the harm. *Yamaguchi v. Queen's Medical Center,* 65 Haw. 84, 648 P.2d 689 (1982). For contract lawsuits, no tolling occurs from when the wrong (the contract breach) happens, unless fraudulent concealment takes place. *Au v. Au,* 63 Haw. 210, 626 P.2d 173, *aff'd,* 63 Haw. 263 (1981).

denial of a refund divested Indiana courts of the jurisdiction to grant any relief); *Atlantic Richfield Co. v. Board of the County Commissioners of the County of Sweetwater,* 569 P.2d 1267 (Wyo. 1977) (the taxpayer's efforts to regain illegally collected taxes were not barred by the statute of limitations).

HRS § 237-40(d), though, clearly bars Aloha Motors' claim for relief.

There were other contentions raised by Aloha Motors but we find them without merit.

## V.

### CONCLUSION.

Because the tax appeal court erred by concluding that it lacked the jurisdiction to decide this controversy, that part of the May 13, 1987 decision is reversed. But since the tax appeal court correctly determined that HRS § 237-40(d) prevents Aloha Motors from recovering the 1968 to 1977 payments, we affirm the judgment denying Aloha Motors' claim since the right result was reached. *See Armstrong v. Cione, 69 Haw.* ___, 738 P.2d 79 (1987).

Affirmed.

*Richard R. Clifton* (Amy E. Ejercito with him on the briefs; *Cades, Schutte, Fleming & Wright,* of counsel), for Taxpayer-Appellant.

*Kevin T. Wakayama,* Deputy Attorney General, for Appellee Director of Taxation.