## BLACK v. UNITED STATES. *

(Circuit Court of Appeals, Fifth Circuit. November 30, 1923.)

No. 4010.

1. Witnesses ⬅️405(2)—Cross-examination and rebuttal evidence tending to contradict defendant held not incompetent as on collateral issue.

    Where defendant, an army officer, charged with stealing and selling government property, as a witness in his own behalf admitted receiving the money as charged, but claimed that it was in payment for other property rightfully sold, and was used for government purposes, questions asked on cross-examination, and testimony offered in rebuttal, tend-

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

*Certiorari denied 44 Sup. Ct. 330, 68 L. Ed. —.

ing to contradict such claims, *held* not incompetent, as impeaching defendant with respect to collateral matters.

**2. Larceny ⚥53—Evidence held admissible on issue whether defendant received payment for stolen property.**

Where army officer, charged with stealing and selling government property, claimed that money received by him was not received for such property, but other property, and that it was used in building an officer's clubhouse, evidence that materials for the clubhouse were not paid for in cash *held* admissible on the issue whether the money was in payment of the stolen property, aside from the fact that it contradicted defendant's testimony.

**3. Criminal law ⚥1039—Objection to procedure waived, unless made in trial court.**

Objection that books of account, from which a witness testified without objection, were allowed to be taken by the jury, though they had not formally been introduced in evidence, cannot be made for the first time in the appellate court.

**4. Criminal law ⚥957(1)—Testimony of jurors not receivable to impeach verdict.**

A verdict may not be impeached by the testimony of jurors.

In Error to the District Court of the United States for the Western District of Texas; William R. Smith, Judge.

Criminal prosecution by the United States against Clifford E. Black. Judgment of conviction, and defendant brings error. Affirmed.

Royall G. Smith, of El Paso, Tex. (Moore & Smith, of El Paso, Tex., on the brief), for plaintiff in error.

N. J. Morrisson, Asst. U. S. Atty. and H. R. Gamble, Sp. Asst. U. S. Atty., both of El Paso, Tex. (John D. Hartman, U. S. Atty., of San Antonio, Tex., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. The defendant, Clifford E. Black, was convicted of the larceny of a motor truck and air compressor, belonging to the United States, and alleged to have been stolen from the Ft. Bliss Military Reservation, in El Paso county, Tex. The defendant was a captain in the United States Army, and was jointly indicted with one Elmer S. Moore, a private in his command. A severance was granted, and Moore testified for the government. The evidence for the prosecution is to the effect that the truck and air compressor were stolen from the Ft. Bliss Military Reservation by the defendant and Moore acting in concert, and were taken to El Paso and there sold to the Mt. Franklin Fuel & Feed Company for $1,000; that the defendant received $500 in cash, which he delivered to Moore, and later accepted the company's note for $800; that the note was made payable to a bank and delivered to the defendant, who was unable to discount it, but who afterwards received $800 upon the company's check, made payable to and indorsed by him; that this payment of $800 represented the $500 balance of the purchase price of the truck and air compressor and $300 on account of some metal laths or corrugated iron sold by the defendant to the said company. The books of account of the Mt Franklin

Fuel & Feed Company were produced at the trial, but were not formally introduced in evidence. However, the bookkeeper of that company, one Powers, testified from these books of account to the effect that they showed that $500, the balance of the purchase price of the truck and air compressor, was consolidated with an account of $300 for iron, and that T. O. Camblin, a stockholder of the Mt. Franklin Fuel & Feed Company, who made the cash payment of $500 to the defendant, according to his books was subsequently credited with that amount.

The defendant testified in his own behalf, and denied any knowledge of or connection with the larceny of the truck and air compressor. He admitted that he received $800 from the Mt. Franklin Fuel & Feed Company, but claimed that this amount was paid to him for expanded metal laths which he had sold to that company; that these laths were useless, and were taken from the military reservation; that he sold them, with the knowledge of his superior officers, in order to obtain money necessary to pay for building materials used by him in an officers' clubhouse, and in connection with other construction work at the military reservation; and that he did not appropriate to his own use any of the proceeds derived from such sales. The defendant on his direct examination did not identify or give the name of any one to whom he made money payments, or from whom he purchased building material. On his cross-examination, and over his objection and exception he was asked if he had not testified at a preliminary hearing that he used a part of the $800 received from the Mt. Franklin Fuel & Feed Company to pay for materials purchased from the Rheinheimer Lumber Company for construction work at the military reservation, and admitted that he had so testified. The defendant was also asked upon cross-examination if it were not a fact that he had never had a transaction with the Rheinheimer Lumber Company that involved the payment of any cash by him, but that all transactions with such company involved only trades or exchanges of material, and answered in the negative, and further stated that he had never traded any material to said company. In rebuttal, the government, over defendant's objection, was permitted to introduce evidence to the effect that the defendant never paid to the Rheinheimer Lumber Company any money for materials, but that all materials furnished by that company were exchanged for other materials which it received from the defendant.

The defendant objected to the above-stated questions propounded to him on his cross-examination upon the ground that they involved an inquiry into collateral matters, and further objected to the questions which elicited the foregoing rebuttal evidence upon the ground that the government was seeking to impeach his testimony on a collateral matter; but the court overruled these objections, and the defendant excepted.

While the jury were deliberating on their verdict, they submitted to the court a request that they be allowed to examine the books of account of the Mt. Franklin Fuel & Feed Company. Thereupon the court requested counsel for the government and for the defendant to stipulate what items had been testified about, and in response to that request the items were marked and sent to the jury under the following stipulation of counsel:

"Agreed that the above are the matters Powers was examined about, but not agreed that they be given to the jury during deliberation."

The defendant moved for a new trial upon the ground, among others, that the court erred in allowing the jury to inspect the books of account of the Mt. Franklin Fuel & Feed Company, and in support of the motion a juror was permitted to testify that the jury stood "seven to five for acquittal" before they examined the books of account. The overruling of defendant's objections to the questions put to him on his cross-examination, and to the evidence in rebuttal, as above set out, and the denial of his motion for a new trial, are assigned as error.

[1] It was the government's theory that the defendant and Moore stole the truck and air compressor, and divided equally the proceeds of the sale thereof; that Moore received his share in cash; and that the purchaser's check for $800 included defendant's share as well as the additional amount of $300 for metal laths which also had been sold by the defendant. The defendant admitted the receipt of the money, but by way of explanation testified that it was in payment for other government property which he had sold. It was an important part of the defense that the defendant had not appropriated any money received by him to his own use, and the attempt was made to prove that the money received was on account of other transactions than the one charged. It was proper for the government to overcome the defense made by proving that the explanation was false, and in doing this it had the right to show that $500, a part of the money received from the Mt. Franklin Fuel & Feed Company, was not paid out in the purchase of materials to be used in construction work at the military reservation, but was appropriated by the defendant to his own use.

Inasmuch as the defendant had not, on his direct examination, given the names of any one to whom he sold or from whom he purchased materials, it was also proper to show by his admission on cross-examination that the Rheinheimer Lumber Company was one of those with whom he dealt. Having established that fact, it then became material to inquire of the defendant whether, in support of his explanation and defense, this company was included among those to whom he claimed to have paid money for materials. A wide range of cross-examination was allowable under these circumstances. It was but another step to prove in rebuttal that the attempted explanation was untrue. In Scott v. United States, 172 U. S. 343, 19 Sup. Ct. 209, 43 L. Ed. 471, the defendant, who was charged with stealing a letter and its money contents out of the mail, became a witness in his own behalf, and upon his direct examination testified that when he was arrested, and the money found upon him, he stated to the inspectors that some enemy of his in the post office had done him a "dirty trick." On cross-examination the defendant was asked to give the names of his enemies, to whom he referred, and he gave the names of two persons, who were permitted to testify in rebuttal, over defendant's objection, and to deny that they were enemies of the defendant. In holding that the objection to the rebuttal evidence was untenable the Supreme Court said (172 U. S. 348, 19 Sup. Ct. 210, 43 L. Ed. 471):

"This evidence of defendant was an attempt to raise a suspicion at least, that some enemy of his in the building had placed this money in his coat, and

thereby to relieve himself from the suspicion of having stolen it and to show his own innocence. It was an attempt at an explanation showing an honest possession of the money. It was therefore admissible, upon cross-examination, for the purpose of showing the improbability of the explanation, to obtain from the witness all the circumstances which might throw light upon the subject. * * * To show that no such inference could properly be drawn, the government proved that the men the defendant named as enemies were not such in fact. The evidence was not collateral to the main issue of guilt or innocence, nor was the subject first drawn out by the government."

[2] We are also of the opinion that the rebuttal evidence in this case was admissible, independently of the fact that it contradicted the defendant's testimony, upon the issue whether the money received by him was in payment for the stolen property. 2 Wigmore, 435.

[3] Ordinarily a motion for a new trial is not reviewable in an appellate court. In addition to that, the defendant did not object, except by refusing to agree, to an examination by the jury of the books of account of the Mt. Franklin Fuel & Feed Company. We are of opinion that the objection now urged, which is that the books of account had not been formally offered in evidence, is untenable and comes too late. The bookkeeper was permitted, without objection, to testify as to what the books contained. If an objection had been made on the ground now insisted upon, it doubtless would have been cured by a formal offer of the books in evidence.

[4] We do not consider the testimony of the juror as to what occurred during the deliberations of the jury, for a sound public policy prohibits an impeachment of a verdict by the testimony of the jurors. 27 R. C. L. 896.

Error is not made to appear by any of the assignments, and the judgment is affirmed.