# TERRITORY OF HAWAII *v.* EDMUND KENYUKI IZUMI.

## No. 2305.

SUBMITTED FEBRUARY 11, 1937.  DECIDED MAY 24, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

The defendant Edmund Kenyuki Izumi was found guilty by a jury in the court below of the crime of sexual and carnal intercourse with a female child under the age of sixteen years in violation of section 6243, R. L. 1935, and has brought the cause to this court on a writ of error.

During the year 1935 and the early months of 1936 the

appellant was acting principal of the territorial public school at Kihei, county of Maui. The school is a three-room institution. The higher grade, composed of the older students, both boys and girls, was directly under the charge and supervision of the appellant. Florence Akina, a girl who became fifteen years of age on May 10, 1936, was a student in the class conducted by the accused.

The grand jury of the circuit court of the second judicial circuit, on May 27, 1936, found an indictment against the appellant in which it charged that the appellant Edmund Kenyuki Izumi "between the 1st day of October, 1935 and the 21st day of January, 1936, the exact day or days and dates being to the Grand Jury unknown, did unlawfully and feloniously have sexual and carnal intercourse with a female person under the age of 16 years, to-wit, one Florence Akina, she the said Florence Akina not being the lawful wife of him the said Edmund Kenyuki Izumi." To the indictment the appellant filed a demurrer on the principal ground that it failed to set forth with reasonable certainty and particularity the time when the alleged offense was committed.

The trial court overruled the demurrer. The appellant thereupon demanded that he be furnished a bill of particulars more definitely specifying the date of the alleged crime. In response to this demand the prosecution supplied a bill of particulars to the appellant setting forth "that the offense with which the defendant is charged was committed with Florence Akina on or about the 21st day of January 1936 and on various other occasions prior to said date from and including the month of October 1935, the exact days and dates being to the prosecution unknown." The appellant, without further objection, proceeded to trial.

Subsequent to the rendition of the verdict by the jury the appellant moved for a new trial and urged in support thereof two alleged errors occurring at the trial which he

claimed were prejudicial to him, namely, 1. the overruling of appellant's demurrer and, 2. the introduction, over objection, of the evidence of Eiko Yamaichi. By appellant's four assignments of error the same questions are now presented to this court.

The ancient common-law rule required that an indictment contain an averment definitely fixing the day of a specified month and year on which the crime was alleged to have been committed. This strict rule has been very materially modified and relaxed by Federal as well as territorial statute so that unless time is of the essence of the crime an allegation of the specific date of the act constituting the offense is unnecessary if it appears that failure to so specify the date is not prejudicial to the accused. The local legislature has provided that, "No indictment shall be deemed insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect or imperfection in matter or form, which shall not prejudice or tend to prejudice the defendant." R. L. 1935, § 5498. (See also *Rep. Haw.* v. *Coelho,* 11 Haw. 213; *United States* v. *Gaag,* 237 Fed. 728; 52 C. J. 1046.) And as stated in *Territory* v. *Crawford,* 18 Haw. 246: "To avoid surprise he [defendant] may call for a bill of particulars * * *. In this case he has called for and obtained a bill of particulars and is as fully protected as if the time relied on had been stated in the indictment."

The appellant in the case at bar likewise demanded and received a bill of particulars. He interposed no objection thereto and went to trial on the pleadings as they then existed. From this fact it must be assumed that he was satisfied that he might safely and without prejudice to himself proceed with the trial upon the indictment as amplified by the bill of particulars. We conclude therefore that appellant was not prejudiced by the action of the trial court in overruling the demurrer.

The other alleged error relied upon by appellant is wholly devoid of merit. The prosecuting witness, Florence Akina, had testified to the criminal act of the appellant on January 21, 1936, and to prior and repeated acts of the same character commencing in the month of October, 1935. The appellant, as a witness in his own behalf, denied any illicit relations with the prosecuting witness. He further denied, in response to a question on direct examination propounded to him by his counsel, having had sexual intercourse with "any other pupil." (See tr. pp. 270, 271.) In rebuttal of this testimony the prosecution called as a witness Eiko Yamaichi, another young girl about fourteen years of age, who had also been one of appellant's pupils at the Kihei school, who, in response to a question propounded to her by the prosecuting attorney, testified that the appellant had, on numerous prior occasions, directed her to go to the principal's cottage and had there had sexual relations with her. The accused having elected to bring into the case a collateral issue it was clearly the right of the prosecution to refute, if it could, the appellant's testimony upon that issue. Had this testimony remained unchallenged it could and undoubtedly would have been argued to the jury that a strong inference of innocence was to be drawn from the fact that the accused had not molested any other of his female students.

Wharton correctly states the rule to be that, "Testimony about which a witness is to be impeached must be material and relevant. Since the answers of a witness given upon cross-examination on any irrelevant or collateral matter are conclusive and binding on the cross-examiner, such witness may not be contradicted or impeached upon an immaterial or collateral matter or issue about which he testifies on cross-examination by the party seeking to impeach him, and especially not by the admission of substantive evidence. This limitation, however,

applies only to answers on cross-examination. It does not affect answers on the examination in chief. If, therefore, the irrelevant matter is given on direct examination, the witness may be contradicted as to it." 3 Wharton's Crim. Ev. (11th ed.) § 1353. (See also *McArthur* v. *State,* 27 S. W. 628; *Howell* v. *State,* 217 S. W. 457; *Black* v. *United States,* 294 Fed. 828; *Scott* v. *United States,* 172 U. S. 343.)

A careful review of the entire record in the case at bar demonstrates conclusively that the appellant had a fair, impartial and legal trial before a jury of his countrymen. The trial judge with commendable care accorded to him every legal right vouchsafed by the law. His conviction must therefore be upheld.

The judgment and sentence of the trial court are sustained.

*A. E. Jenkins* and *E. J. Botts* for appellant.

*E. R. Bevins,* County Attorney of Maui, and *Wendell F. Crockett,* Deputy County Attorney of Maui, for the Territory.