STATE OF HAWAII, Plaintiff-Appellee, *v.* STEVEN LAVERNE DAVIS, also known as Adam Ziegal, Defendant, and MICHAEL JONES, Defendant-Appellant

NO. 7408

FEBRUARY 27, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

192

OPINION OF THE COURT BY LUM, J.

Appellant Michael Jones appeals from his conviction of robbery in the first degree under section 708-840(1)(b)(ii), Hawaii Revised Statutes (1976), by a jury in the first circuit court.

This appeal raises the question of whether Hawaii's rule regarding notice of alibi under the Hawaii Rules of Penal Procedure (HRPP)[1] is constitutional; and if it is, the appeal raises an additional

---

[1] Rule 12.1. NOTICE OF ALIBI.

(a) *Notice by Defendant.* If a defendant intends to rely upon the defense of alibi, he shall, within the time provided for the filing of pretrial motions or at such later time as the court may direct, notify the prosecutor in writing of such intention and file a copy of such notice with the court.

(b) *Disclosure of Information and Witnesses.* Upon receipt of notice that the defendant intends to rely upon an alibi defense, the prosecutor shall inform the

question of whether the trial judge abused his discretion by imposing sanction as provided by the rule.[2] During the trial, the judge refused to allow appellant's alibi witness to testify. The judge found that appellant failed to comply with the notice requirement of the rule, and that appellant's failure to do so was without good cause.

We affirm appellant's conviction. We uphold the constitutionality of HRPP 12.1, and we find no abuse of discretion by the trial judge in disallowing appellant's alibi witness from testifying.

## I.

Hawaii's notice-of-alibi rule requires the defendant, if he intends to rely upon an alibi defense, to notify the prosecutor in writing and to file a copy of such notice with the court. The prosecutor must then inform the defendant in writing the specific time, date, and place at which the offense is alleged to have been committed. The defendant is thereafter required to inform the prosecutor in writing the specific place defendant claims to have been at the time of the alleged offense and the names and addresses of his alibi witnesses. Finally,

---

defendant in writing of the specific time, date, and place at which the offense is alleged to have been committed. The defendant shall then inform the prosecutor in writing of the specific place at which he claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi. The prosecutor shall then inform the defendant in writing of the names and addresses of the witnesses upon whom the government intends to rely to establish defendant's presence at the scene of the alleged offense.

(c) *Time of Giving Information.* The court may fix the time within which the exchange of information referred to in section (b) shall be accomplished.

(d) *Continuing Duty to Disclose.* If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished under section (b) of this rule, the party shall promptly notify the other party or his attorney of the existence and identity of such additional witness.

(e) *Failure to Comply.* Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from, or presence at, the scene of the alleged offense. This rule shall not limit the right of the defendant to testify in his own behalf.

(f) *Exceptions.* For good cause shown, the court may grant an exception to any of the requirements of this rule.

[2] *Id.* 12.1(e) and (f).

the prosecutor is required to inform the defendant in writing of *"the names and addresses of the witnesses upon whom the government intends to rely to establish defendant's presence at the scene of the alleged offense."* HRPP 12.1(b) (emphasis added).

Appellant urges that the Hawaii's alibi rule is invalid on its face because it violates the due process requirement of the constitution.[3] He argues that once defendant has met his requirement of disclosure under the rule, the government does not have a corresponding duty to disclose the names and addresses of witnesses whom the prosecutor will use to rebut the alibi testimony or to attack the credibility of the alibi witnesses, nor to disclose the substance of the testimony of such rebuttal witnesses.

Appellant relies upon two U.S. Supreme Court decisions to support his position. In *Williams v. Florida,* 399 U.S. 78 (1970), the U.S. Supreme Court upheld a Florida notice-of-alibi rule.[4] The *Williams* court stated:

> Given the ease with which an alibi can be fabricated, the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate. Reflecting this interest, notice-of-alibi provisions, dating at least from 1927, are now in existence in a substantial number of States. The adversary system of trial is hardly an end in itself; it is not a poker game in which players enjoy an absolute right always to conceal their cards until played.

*Id.* at 81-82.

However, in a footnote the court noted that there are at least 16 states appearing to have alibi-notice requirements of one sort or another, but added:

> We do not, of course, decide that each of these alibi-notice provisions is necessarily valid in all respects; that conclusion must await a specific context and an inquiry, for example, into whether *the defendant enjoys reciprocal discovery against the State.*

399 U.S. at 82 n.11 (emphasis added).

In *Wardius v. Oregon,* 412 U.S. 470 (1973), the U.S. Supreme Court held that since Oregon's notice-of-alibi statute did not provide

---

[3] U.S. Const. amend. XIV, and Hawaii Const. art. I, § 5.

[4] We note that the Florida rule is quite similar to the Hawaii rule.

the defendant reciprocal discovery, enforcement of the statute is forbidden under due process. It held:

> [W]e do hold that in the absence of a strong showing of state interests to the contrary, discovery must be a two-way street. The State may not insist that trials be run as a "search for truth" so far as defense witnesses are concerned, while maintaining "poker game" secrecy for its own witnesses. It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State.

*Id.* at 475-76 (footnote omitted).

In view of these pronouncements by the U.S. Supreme Court, we are required to determine whether discovery under Rule 12.1 is a two-way street; whether the defendant enjoys reciprocal discovery against the State.

## II.

Rule 12.1 was adopted in 1977 at the recommendation of the Committee for Penal Rules Revision of the Hawaii Judicial Council and was patterned after the then proposed federal rule.[5] As indicated, many other states have similar rules. The adoption of such a rule seems to coalesce around the idea that civil pretrial techniques should govern criminal prosecution; criminal trial should not be regarded as in the nature of a sporting contest; it should be regarded as a serious inquiry aimed to distinguish between guilt and innocence; and discovery techniques can reduce the chances that surprise or maneuver, rather than truth, will determine the outcome of the trial. As one commentator suggests, alibi has long been considered as one of the main avenues of escape of the guilty.[6] It has been termed a "hip pocket" defense because of the ease with which it can be manufactured for introduction in the final hours of trial.[7]

---

[5] The federal notice-of-alibi rule was approved in 1974. *See* F. R. Crim. P. 12.1.

[6] R. Miller, *The Modernization of Criminal Procedure*, 11 J. Am. Inst. Crim. L. & Criminology 344 (1920) (presently, Journal of Criminal Law and Criminology).

[7] H. Stassen, *The Show Window of the Bar*, 20 Minn. L. Rev. 577 (1936).

The notice-of-alibi rule is intended to deter false alibis because defendants know that the information furnished will be investigated before trial. It also saves money and trial time.

HRPP replaced the Hawaii Rules of Criminal Procedure which had been in effect since 1960. Under HRPP extensive pretrial rules of discovery were adopted, similar in many respects with civil pretrial techniques. The enlargement of criminal pretrial discovery is apparent from the following: Rule 12(d)(1) and (2) requires the prosecution to disclose its evidence before trial to give defense an opportunity to object; Rule 12.1 requires notice of alibi by defendant; Rule 16 provides extensive disclosure by the government and the defendant; and Rule 17.1 allows the court to provide for one or more pretrial conferences "to consider such matters as will promote a fair and expeditious trial." In addition, Rule 2 provides: "These rules are intended to provide for the just determination of every penal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

We view the enlargement of pretrial discovery under HRPP as a mechanism "designed to enhance the search for truth in the criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence," *Williams, supra* at 82. We disagree with appellant that under Rule 12.1, defendant does not enjoy reciprocal discovery against the State.

It is fundamental in statutory construction that each part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole. *In re Castro*, 44 Haw. 455, 458, 355 P.2d 46, 48 (1960). Statutes should be interpreted according to the intent and meaning, and not always according to the letter, and every part thereof must be viewed in connection with the whole so as to make all parts harmonize, if practicable, and give a sensible and intelligent effect to each. *Id.*

To answer appellant's specific allegation, we hold that once defendant has furnished to the government the names and addresses of his alibi witnesses, defendant has a reciprocal right to discover the names and addresses of witnesses the government intends to rely on to rebut or discredit defendant's alibi witnesses.

Rule 12.1 creates a procedure by which a defendant can be

 

required to give notice if he intends to offer a defense of alibi and the identity of the witness upon which he will rely for this defense. In turn the government is required to disclose the identity of the witnesses on whom it will rely to establish the defendant's presence at the scene of the offense and of any other witnesses who will be used to rebut the testimony of defendant's alibi witnesses.

C. Wright, *Federal Practice and Procedure*, § 201 (1969 & Supp. 1979).

We conclude that Hawaii's notice-of-alibi rule does not violate the due process provisions of the Hawaii or U.S. Constitutions.

### III.

After appellant testified to an alibi defense, the trial judge disallowed appellant's alibi witness from testifying because appellant had failed to notify the State and the court that he intended to rely on an alibi defense. HRPP 12.1(a). Under the notice rule, the trial judge may exclude the testimony of any undisclosed witness for failure to comply with the requirements of the rule, HRPP 12.1(e), but for good cause shown, the court may grant an exception to any of the requirements of the rule. HRPP 12.1(f). We disagree with appellant's contention that the trial judge abused his discretion by imposing sanction and in failing to find good cause to allow the alibi witness to testify.

Trial of appellant began on April 2, 1979. After the jury was selected, defense filed a written notice of alibi. The State then filed a motion to preclude the use of appellant's alibi witness. The motion was postponed and heard a few days later, while the trial progressed.

Defense counsel first appeared on behalf of appellant on February 13, 1979. He argues that it wasn't until after the State furnished the information of time and place of the alleged offense that he determined that appellant had an alibi defense. Therefore, his plan to rely on an alibi defense began on March 14, at which time he chose not to file the required notice because he lacked sufficient information to locate and interview the alibi witnesses; and without predetermining whether the witnesses could corroborate appellant's alibi, he feared appellant might incriminate or perjure himself. He also feared that the prosecutor would have an advantage over him should the prosecutor locate the witnesses ahead of him.

Appellant's argument is unique. We conclude that appellant's fears are groundless and speculative in view of our ruling that under our notice-of-alibi rule, appellant enjoys reciprocal discovery against the State.

Even assuming that appellant's position had some degree of merit, a motion could have been filed in order to request the court to impose conditions to equalize discovery. The notice-of-alibi rule is not rigid and inflexible; it gives to the trial court the discretion, upon a showing of good cause, to make exceptions to the rule so as to balance the interests of both the government and the defendant to give both an opportunity to discover on equal terms.

Even after the late filing of the notice, the State made a good-faith attempt to locate and interview appellant's sole alibi witness. But because the notice contained typographical errors, the State was unable to contact and interview the witness before the motion was heard.

It is generally assumed that the sanction is essential if the notice-of-alibi rule is to have practical significance. Committee's notes to HRPP at 87.

The exercise of discretion by the trial judge will not be disturbed except for abuse, which will be found only when the reviewing court is driven irrefragably to the conclusion that an objective appraisal of the record would result in a different finding. *First Hawaiian Bank v. Smith,* 52 Haw. 591, 483 P.2d 185 (1971). Accordingly, we find no abuse of discretion.

Affirmed.

*Louis J. Markee, Jr.* for defendant-appellant.

*Paula Murakami,* Deputy Prosecuting Attorney, for plaintiff-appellee.