STATE OF HAWAII, Plaintiff-Appellee, *v.* JOHN JEROME TEVES, Defendant-Appellant

NO. 8279

(CRIMINAL NO. 5890)

OCTOBER 12, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

After a bench trial defendant-appellant John Jerome Teves (Teves) was convicted of first degree theft under Hawaii Revised Statutes (HRS) § 708-831(1)(b) (1976, as amended). Teves appeals (I) the order denying his motion to dismiss the case and (II) that portion of his sentence imposing imprisonment for one year as a condition of his probation.

The issues and our answers are:

1. Did the lower court abuse its discretion when it set aside Teves' guilty plea? No.

2. Did the subsequent trial, conviction, and sentence violate Teves' constitutional and statutory right against double jeopardy? No.

3. Did the lower court abuse its discretion when it sentenced Teves to imprisonment for one year as a condition of his probation? No.

The State alleged that on March 3, 1980 Teves and his two companions unlawfully exerted control over a nine-month old Barangus heifer valued at $275 owned by the Triple L Ranch. All three were indicted. Teves was charged with two counts of theft, Count I under HRS § 708-831(1)(b) and Count II under HRS § 708-831(1)(e) (1976, as amended).

On July 30, 1980, Teves retracted his initial plea of not guilty and entered a plea of guilty as to Count I. Judge Higa responded:

> Very well, Mr. Teves, I am going to find that you understand the nature of these proceedings. I am going to accept your guilty plea and I am going to find you guilty of the charge of Theft in the First Degree. I am going to send you to the Probation Department for a pre-sentence report and I will set sentencing for Wednesday, September 17 at 9:00.

On August 11, 1980, the lower court granted the State's request for entry of a *nolle prosequi* as to Count II.

Sentencing was continued to October 15, 1980, at which time Judge Higa, after an unrecorded chambers conference and over Teves' objection, decided:

> I am going to find that whatever plea bargain was entered into has failed and there is not sufficient details in the — as part of the factual matters of the guilty plea to accept the guilty plea. Accordingly, I am going to order that the guilty plea be withdrawn and that the defendant plead not guilty[.]

Thereupon, the court ordered a consolidated trial of Teves and his companions.

Teves' companions pled guilty on October 27, 1980 and under HRS § 853-1 (1982 Supp.) the lower court granted their respective motions to defer acceptance of their guilty pleas.

They were also each fined $1,200 and ordered to pay $200 in restitution.

On December 9, 1980, the court denied Teves' motion to dismiss his case on the ground that further prosecution would place him in double jeopardy.

At a bench trial before Judge Ueoka on April 16, 1981, neither Teves nor his companions testified. Teves was found guilty as charged and sentenced as follows:

Five years probation.

Forfeiture of the knife and rifle used in the crime.

Confinement in the Maui Community Correctional Center for one year.

Restitution of not less than $300.

Fine of $2,000 in monthly installments of not less than $100.

Revocation of driver's license for one year.

## I. THE CLAIM OF DOUBLE JEOPARDY

Teves contends that the court should have dismissed the charge in this case because jeopardy attached when he entered his guilty plea to Count I on July 30, 1980 and, therefore, his subsequent bench trial placed him in double jeopardy.

### A.

The double jeopardy clauses of both our state and federal constitutions prohibit a person "for the same offense to be twice put in jeopardy of life and limb."[1] The general rule is that jeopardy attaches upon the acceptance of a guilty plea by the court. *United States v. Hecht*, 638 F.2d 651, 657 (3rd Cir. 1981); *United States v. Jerry*, 487 F.2d 600, 606 (3rd Cir. 1973). Additionally, HRS § 701-110(3) bars reprosecution for the same offense if a plea of guilty has been accepted by the court.

---

[1] United States Constitution amendment V, which applies to the states through the fourteenth amendment, *Benton v. Maryland*, 395 U.S. 784, 793-96, 89 S.Ct. 2056, 2061-63, 23 L.Ed.2d 707 (1969), and Hawaii Constitution art. I, § 10.

However, if a guilty plea is validly set aside, a subsequent trial does not violate the constitutional prohibition against double jeopardy. *United States v. ex rel. Metz v. Maroney,* 404 F.2d 233 (3rd Cir. 1968), *reh. denied* (1968), *cert. denied,* 394 U.S. 949, 89 S.Ct. 1287, 22 L.Ed.2d 483 (1969); *People v. Clark,* 264 Cal. App. 2d 44, 70 Cal. Rptr. 324 (1968). Conversely, if a guilty plea is improperly vacated, a subsequent trial places the defendant in double jeopardy and the conviction must be set aside. *See Gonzalez v. Municipal Court for San Jose,* 32 Cal. App. 3d 706, 715, 108 Cal. Rptr. 612, 619 (1973); *In re Krieger,* 272 Cal. App. 2d 886, 77 Cal. Rptr. 822, 825 (1969).

Rule 11(f), Hawaii Rules of Penal Procedure (HRPP), which tracks Rule 11(f) of the Federal Rules of Criminal Procedure (FRCP), states:

Determining Accuracy of Plea. Notwithstanding the acceptance of a plea of guilty, the court shall not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

Under Rule 11(f), HRPP, the court is prohibited from entering judgment upon a guilty plea if it is not subjectively satisfied that there is a factual basis for the plea. *United States v. Dayton,* 604 F.2d 931, 938 (C.A. 5th 1979), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 310 (1980). The court must satisfy itself "that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." *McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (quoting FRCP 11, Notes of Advisory Committee on Criminal Rules). While the factual basis may come from various sources, it must appear on the record. *Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Sassoon v. United States,* 561 F.2d 1154, 1158 (5th Cir. 1977); *Reed v. United States,* 471 F.2d 721 (5th Cir. 1973).

The standard of appellate review of the lower court's decision is the abuse of discretion standard. *Santobello, supra; Hecht, supra; United States v. Bettelyoun,* 503 F.2d 1333 (8th Cir. 1974); *United States v. Gaskins,* 485 F.2d 1046 (D.C. Cir. 1973).

The charge to which Teves pled guilty was theft in the first degree under HRS § 708-831(1)(b). The material elements of that crime are as follows: (1) Teves obtained or exerted control over the property of another with intent to deprive him of the property; and (2) the value of the property exceeded $200.

The factual basis established in the record when Teves pled guilty to Count I on July 30 consists of (1) a statement in Teves' guilty plea form that "I tried to steal a heifer," (2) the following brief colloquy:

THE COURT: Is it true that on or about March 3rd, 1980, in Kanaio, you tried to steal a heifer from Triple L Ranch, the value of which was more than $200.00; is that true?

THE DEFENDANT: Yes.

and (3) Teves' attorney's assertion at Teves' sentencing on September 17 that "[t]here is a summary of offense contained in the Pre-sentence Report which is adequate for the court to make a determination of the guilt of the defendant, together with the defendant's statement that he and his friends, they shot a calf." The presentence report is not in the record on appeal.

Thus, the record shows that Teves tried to steal a heifer and shot a calf. In this case the court did not read the indictment to Teves and therefore the colloquy did not establish that Teves exercised or exerted control over the heifer. *See Godwin v. United States,* 687 F.2d 585 (1982). Trying to steal a heifer and shooting a calf does not necessarily include the material elements of the crime of theft in the first degree. "Trying to steal a heifer" may constitute attempted theft, but it does not indicate that the person who was "trying" actually obtained or exerted control over the heifer. Shooting a heifer constitutes an attempt to exert control over it and criminal property damage, but there are insufficient facts to indicate whether the shooter thereby obtained or exerted control over the heifer.

Since, viewed objectively, a factual basis did not appear on the record, *a fortiori* the lower court did not abuse its discretion when it subjectively reached the same conclusion.

B.

The statutory basis for Teves' claim of double jeopardy is HRS § 701-110(3) (1976) which reads:

> When prosecution is barred by former prosecution for the same offense. When a prosecution is for an offense under the same statutory provision and is based on the same facts as a former prosecution, it is barred by the former prosecution under any of the following circumstances:
>
>    \*    \*    \*
>
> (3) The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty or nolo contendere accepted by the court.

The statute states the general rule that jeopardy attaches to a plea of guilty when it is accepted by the court. Thus, under HRS § 701-110(3), a guilty plea, if allowed to stand, bars subsequent prosecution for the same offense as that to which the defendant pled guilty.

Subsection 3 of HRS § 701-110 pertains to judgments of conviction and guilty verdicts which have not been set aside or vacated and guilty pleas "accepted by the court." It would be inconsistent with a reading of subsection 3 as a whole to find that the phrase "accepted by the court" includes guilty pleas which have been validly vacated by the court before judgment.

Such an interpretation would also be inconsistent with subsection 4(b)(ii) of HRS § 701-110 which specifically states that prosecution is not barred when former prosecution is terminated because "[t]here is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law."

Our supreme court has stated that:

> It is fundamental in statutory construction that each part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole. \* \* \* [E]very part thereof must be

viewed in connection with the whole so as to make all parts harmonize, if practicable, and give a sensible and intelligent effect to each.

*State v. Davis,* 63 Haw. 191, 624 P.2d 376 (1981) (citations omitted).

Reading section 701-110 as a whole (and in light of Rule 11(f), HRPP, which precludes the entry of a judgment if the judge is not satisfied that a factual basis for the plea exists), we find that section 701-110(3) does not bar the court from vacating an erroneously accepted plea of guilty.

Accordingly, we hold that the lower court did not abuse its discretion when it set aside Teves' guilty plea and that the subsequent bench trial did not violate Teves' constitutional and statutory right against double jeopardy.

## II. THE SENTENCE.

Teves contends that the lower court abused its discretion in sentencing him to imprisonment for one year as a condition of his probation. He claims that although HRS § 706-624 (1978 Supp.) empowers the court to impose such a sentence, the imprisonment of a first-time offender of a crime not serious in nature is an abuse of discretion under HRS §§ 706-620 (1976) and 621 (1980 Supp.).

Section 706-620(1) allows the sentencing court to impose imprisonment if there is undue risk that during the period of a suspended sentence or probation the defendant will commit another crime. Here, Teves was released on his own recognizance on March 31, 1980. While released and before being sentenced, he was arrested, charged, and convicted of two petty misdemeanors: theft in the third degree and criminal property damage. Teves' actions demonstrated an undue risk. Thus, there was no abuse of discretion.

Teves also contends that he was not treated equally under the law when he was sentenced to imprisonment for one year while his co-defendants were given deferred acceptance of their guilty pleas. However, there is no constitutional requirement that the court impose uniform sentences on multiple defendants involved in the same criminal activity, and a disparity among the sentences does not establish that any particular

defendant's sentence is excessive. *State v. Seifart*, 100 Idaho 321, 597 P.2d 44 (1979). The court has discretion to make the punishment fit the crime, as well as the needs of the individual defendant and the community. *Id.* at 324, 597 P.2d at 47.

The judgment is affirmed.

*Douglas H. Ige* on the briefs for appellant.

*Artemio C. Baxa,* Deputy Prosecuting Attorney, County of Maui, on the briefs for appellee.