**STATE OF HAWAII**, Plaintiff–Appellee, v. **RANDALL SHERMAN**, Defendant–Appellant

NO. 12955

(CR. NO. 87–0148(1))

MARCH 15, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

Appellant was convicted of two counts of Sexual Abuse in the First Degree, Hawaii Revised Statutes (HRS) § 707–736(1)(b), and one count of Sodomy in the Second Degree, HRS § 707–734(1)(b). We affirm the conviction under Count I, one of the two counts for Sexual Abuse in the First Degree, but reverse the conviction under Counts II and III, being one

count of Sexual Abuse in the First Degree, and one count of Sodomy in the Second Degree, and remand for a new trial.

We reject appellant's contentions of error, except those with respect to the alleged prejudicial effect of the combination of (1) the prosecution's failure to disclose the specific dates of the first two sexual offenses by appellant upon the minor complaining witness, and (2) the denial of a reasonable continuance to provide the specifics of a possible alibi defense.

Counts II and III of the indictment read as follows:

Count II: That on or about the period September 1,1984, through and including October 31,1985, in the County of Maui, State of Hawaii, RANDALL SHERMAN did intentionally have sexual contact with [the alleged victim], who at the time was less than fourteen (14) years old, by rubbing her breast, thereby committing the offense of Sexual Abuse in the First Degree in violation of Section 707–736(1)(b) of the Hawaii Revised Statutes.

Count III: That on or about the period September 1,1984, through and including October 31,1985, in the County of Maui, State of Hawaii, RANDALL SHERMAN did intentionally engage in deviate sexual intercourse with [the alleged victim], who at the time was less than fourteen (14) years old, by placing his mouth on her vagina, thereby committing the offense of Sodomy in the Second Degree in violation of Section 707–734(1)(b) of the Hawaii Revised Statutes.

Appellant moved for a Bill of Particulars and, after considerable resistance by the State, the motion was granted on September 21, 1987. The pertinent portion of the order granting the motion stated:

As to Counts II through IV of the Indictment in the above–named matter, Defendant's Motion is granted and the State is ordered to file a Bill of Particulars containing more specific information on each of Counts II through IV as to the date on which the alleged offenses occurred, said Bill of Particulars to be filed and served by September 22, 1987.

The Bill of Particulars was eventually filed on October 16, 1987 and with respect to Counts II and III stated as follows:

Count II:    The date of the alleged offense includes the following periods of time:

October 5, 1984; through and including December 24, 1984;

January 4, 1985, through and including July 31, 1985; and

September 6, 1985, through and including October 18, 1985.

Count III:    The date of the alleged offense includes the following periods of time:

October 5, 1984, through and including December 24, 1984;

January 4, 1985, through and including July 31, 1985; and

September 6, 1985, through and including October 18, 1985.

The indictment in this case was returned July 10, 1987. On September 8, 1987, appellant, pursuant to HRPP 12.1, filed a Notice of Alibi. On October 27, 1987, appellant filed a Motion to Invoke Notice of Alibi, requesting the trial court to enter an order compelling the State to disclose the information and witnesses pursuant to HRPP 12.1(b). On November 12, 1987, the court below entered an order on said motion stating that sufficient notice had been given to the appellant of the date of the offense in the Bill of Particulars.

HRPP 12.1 reads, in part, as follows:

**Rule 12.1 NOTICE OF ALIBI.**

(a) **Notice by Defendant**. If a defendant intends to rely upon the defense of alibi, he shall, within the time provided for the filing of pretrial motions or at such later time as the court may direct, notify the prosecutor in writing of such intention and file a copy of such notice with the court.

(b) **Disclosure of Information and Witnesses**. Upon receipt of notice that the defendant intends to rely upon an alibi defense, the prosecutor shall inform the defendant in writing of the specific time, date, and place at which the offense is alleged to have been committed. The defendant shall then inform the

prosecutor in writing of the specific place at which he claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi. The prosecutor shall then inform the defendant in writing of the names and addresses of the witnesses upon whom the government intends to rely to establish defendant's presence at the scene of the alleged offense.

At trial, on the first day of evidence, the complaining witness testified that the first two occasions of sexual abuse were on the Friday and Saturday nights of the 1984 Maui County Fair, which she went to with the appellant. This was the first time the specific dates of those offenses had been disclosed to the appellant. The next day another minor witness for the prosecution testified that the appellant took her, and the complaining witness, to the Maui County Fair, on the Friday night on which it was held in 1984.

It is obvious, from the complaining witness' testimony, which was clear, specific, and detailed, with respect to the two days on which the alleged offenses occurred, that the prosecution had to have known of those specific dates well before the beginning of the trial on November 30, 1987.

The prosecution had not revealed those two dates when it filed the Bill of Particulars, and it had not complied with the express requirement, in HRPP 12.1(b), that it supply the "specific . . . date(s)" of the offenses.

After the testimony had come out at trial, appellant's counsel moved for a dismissal of the charges, or for mistrial, because the prosecution had not disclosed the specific dates, and had thereby prevented appellant from raising an alibi defense with respect to those dates. During argument the following occurred:

| | |
|---|---|
| THE COURT: | The Court is inclined to deny the motion. If there's some other lesser remedy that would [be] of assistance I'll be glad to listen. |
| MR. SAMESHIMA: | *The only remedy we [can] think of is an extensive continuance to give us an opportunity to find out, you know, if Mr. Sherman has an alibi defense for that particular day.* |

Like I said, we don't know when the State found this out. If they found it out two weeks ago, we would have had an additional two weeks to do it. If they had found it out a month ago, we would have had a month.

We would note that we filed our notice in a timely manner on the deadline of the filing of motions in this case and we've made additional motions before the Court asking for compliance with Rule 12.1 by the State at each juncture.

THE COURT:    Essentially what we have here is the State has proceeded on the basis that this was a continuing course of conduct and that's what the testimony of the victim was. What is new, if anything, is that the first night that this occurred was October—the time of the County Fair in October of 1984.

*If you have something more specific by way of alibi to give me, I'd be glad to consider a continuance*, but at this point I'm not inclined to grant the motion.

. . . .

MS. HO:    May I clarify something that needs to be on the record? What she testified to yesterday was the first incident in great detail on [the] Friday night of the fair of 1984. How hard is it to find that date?

When I cross–examined her about it, isn't it true that you only went to one fair with Mr. Sherman and that's true. Only one and I was trying to show her that the fair she went to with Mr. Sherman was the fair of 1985.

Now, Mr. Sherman, when she said
1984 she was at the fair, in her direct,
he immediately turned to us and said[:]
I didn't take her to the fair in 1984. He
knew that. That's exactly the point of
our motion. He said, in fact I can prove
it was the fair of '85 because I lost my
keys and so that is exactly the point of
our motion. That's why I tried to give
her a chance to straighten it out.

I said, are you sure it wasn't [in] '85
that you went to the fair with him. She
said, no, I went with Rachel in '85. I
went to the fair with him in '84. That's
the exact problem.

Now, he's in the position where he has
to figure out where and who did I go
with, if I did go to the fair in '84. You
see because he did not take her to the
fair of 1984.

MR. SAMESHIMA:   [Obviously, this is error, this is the
statement of the court:] I've already
ruled. We can argue endlessly
about this. As I said, if you have some
specific alternative, short of dismissal
or mistrial, if you have some specific
request, I'll listen. Other than that the
motion is denied.

(Emphasis supplied.)

Hawaii has long recognized that, in cases involving sexual abuse of
minors, it is sufficient, in the indictment, to allege that the offense oc-
curred over a particular time span; *Territory v. Low*, 35 Haw. 571 (1940);
*Territory v. Izumi*, 34 Haw. 209 (1937).

The fact that the prosecution may be unable, in a particular case, be-
cause of a minor's inability to recall a specific date, to allege, in the indict-
ment, the time of the offense with more specificity than a time frame, does
not excuse the failure to give a specific date, when that is known, nor to
supply the date, if it later becomes known, as is required by HRPP 12.1.

Such specificity, of known dates, was also implicitly required in the court's order for a Bill of Particulars.

When the specific dates were brought out, for the first time at trial, appellant's counsel moved for a dismissal or a mistrial, but in the exchange with the court, also asked for a continuance. The court denied any relief whatsoever, because the appellant could not supply any specifics with respect to the alibi defense, other than his own statement that he did not take the complaining witness to the fair in 1984. The court's action was error, albeit that it was occasioned by the prosecutor's breach of his duties under HRPP 12.1(b).

HRPP 12.1(a) and (b) set forth four steps which are to be followed in connection with an alibi defense.

1. The defendant must give the prosecutor notice in writing of an intention to rely on such a defense.

2. Upon receipt of that notice, the prosecutor must inform the defendant in writing of the specific time, date and place of the offense.

3. The defendant then must inform the prosecutor in writing of the specific place at which he claims to have been at the time of the offense and the names and addresses of the witnesses to be relied upon.

4. The prosecutor will then inform the defendant in writing of the names and addresses of the witnesses whom the government intends to rely on to establish the defendant's presence at the scene of the alleged offense.

What happened here is that the prosecutor did not comply with step 2. Consequently, appellant was unable to comply with step 3. Yet, it is appellant's compliance with step 3, that the court, in effect, required in denying a continuance. Obviously, the fault lay not with the appellant, who was not given the information, known to the prosecution, of the specific dates of the first two offenses, but with the prosecution.

HRPP 12.1 differs from the parallel provision of federal criminal rule 12.1 in several particulars, although the purpose is the same.

Our Rule 12.1(b) does not set a specific time limit for the prosecution's disclosure as does the federal rule. Obviously, therefore, after the written notice of alibi by the defense, the prosecution is obliged, within a reasonable time, to make available the specifics required by the rule, and

obviously also, the defense, within a reasonable time after those specifics have been made available, must provide the information which the rule requires be given to the prosecution.

In upholding the constitutionality of HRPP 12.1 in *State v. Davis*, 63 Haw. 191, 624 P.2d 376 (1981), we noted that the purpose of the rule was to provide *reciprocal* discovery between the prosecution and the defense. We quoted *Williams v. Florida*, 399 U.S. 78, 81–82 (1970), as follows:

"The adversary system of trial is hardly an end in itself; it is not a poker game in which [the] players enjoy an absolute right always to conceal their cards until played."

63 Haw. at 194, 624 P.2d at 378.

The complaining witness' testimony was that the first two offenses occurred on a Friday and Saturday night of the Maui County Fair in 1984, which she had attended with the appellant. This testimony appeared for the first time on the second day of trial, December 1, 1987. On the third day a minor witness corroborated the complaining witness' attendance with appellant at the Maui County Fair on the Friday night in 1984.

The trial was being held three years after the event. It had been less than a full day since the specific date had been revealed, when the appellant made his motion, yet the court below denied the requested continuance because he could not, at that point, come up with the specifics of a possible alibi defense. Thus, the court below compounded the prosecution's offense in not complying with HRPP 12.1(b), by placing the unreasonable, and well-nigh impossible, burden of *immediately* coming up with the specifics of an alibi defense while the trial was continuing, before it would grant a continuance.

Because the prosecution had failed to follow the requirements of HRPP 12.1(b), the court below should have conducted an inquiry into when the prosecution first learned of the specific dates, and should have given consideration to appropriate sanctions.

The court below should also have granted a reasonable continuance for appellant to try to ascertain whether he had attended the 1984 Maui County Fair, and if so, with whom, and to produce witnesses to corroborate his contention that he did not attend that fair with the complaining witness.

No one expects the prosecution to supply more information, under HRPP 12.1(b), than it has. But the prosecution does have a duty to supply

what specific information it does have, and that duty was breached in this case. That breach led to the error.

Affirmed in part, and reversed in part, and remanded for a new trial on Counts II and III.

*Douglas J. Sameshima* for appellant.

*Gregory N. Dolton*, Deputy Prosecuting Attorney, for appellee.