NO. 29313

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
STEVEN M. ADACHI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(HPD Criminal No. 07509734 (1P108-00254))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant-Appellant Steven M. Adachi (Adachi) appeals from the Judgment filed on July 15, 2008 in the District Court of the First Circuit, Honolulu Division[1] (district court). After a bench trial, the district court convicted Adachi of Harassment under Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2008)[2] and sentenced him to six months of probation and fifty hours of community service and ordered Adachi to pay various fines and fees.

On appeal, Adachi argues that the district court erred and violated his constitutional rights to a fair trial and to present a defense when the court denied his Motion for New Trial where (1) the State of Hawai'i (State) committed prosecutorial misconduct and violated Hawai'i Rules of Penal Procedure (HRPP) Rule 12.1(b)[3] by failing to inform Adachi in writing of the

---

[1] The Honorable Lono J. Lee presided.

[2] HRS § 711-1106(1)(a) provides that "[a] person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person: (a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact."

[3] HRPP Rule 12.1(b) provides

Rule 12.1. Notice of alibi.

. . . .

(b) Disclosure of information and witnesses. Upon receipt of notice that the defendant intends to rely upon an alibi defense, the prosecutor shall inform the defendant in writing of the specific time, date, and place at which the offense is alleged to have been committed. The defendant shall then inform the

(continued...)

specific date, time, and place of the alleged offense in response to his Notice of Alibi; (2) the court erroneously refused to allow Seung Sep Kim (Kim) to testify that he had not seen the Complaining Witness (CW) at the apartment he shared with the CW and Adachi (the apartment) at 10:30 p.m. on December 22, 2007 (the 22nd), the date of the alleged incident; and (3) the court erroneously refused to allow Adachi to present newly discovered evidence, i.e., the testimony of Dr. Wailua Brandman (Dr. Brandman), the CW's doctor, that on December 21, 2007 he observed on CW the same injuries she alleged Adachi had inflicted on her on the 22nd. In the alternative, Adachi maintains the district court deprived him of effective assistance of counsel where his counsel, upon learning of the State's violation of HRPP Rule 12.1(b), failed to inform the court of the misconduct and move for dismissal, a mistrial, or a trial continuance. He requests that we vacate his conviction and remand this case for a new trial or, in the alternative, remand this case for further proceedings on the Motion for New Trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Adachi's points of error as follows:

The district court did not abuse its discretion or deprive Adachi of his constitutional rights in denying the Motion for New Trial. Although the State failed to respond to Adachi's Notice of Alibi pursuant to HRPP Rule 12.1(b), the district court did not plainly err by denying the Motion for New Trial on that basis. Adachi untimely filed his Notice of Alibi. HRPP Rules 12.1(a) ("the defendant shall, within the time provided for the

---

[3](...continued)
prosecutor in writing of the specific place at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi. The prosecutor shall then inform the defendant in writing of the names and addresses of the witnesses upon whom the government intends to rely to establish defendant's presence at the scene of the alleged offense.

filing of pretrial motions or at such later time as the court may direct, notify the prosecutor") and 12(c) ("Pretrial motions and requests must be made within 21 days after arraignment unless the court otherwise directs."). Adachi also failed to bring the State's failure to respond to the circuit court's attention and to ask for a continuance. See State v. Sherman, 70 Haw. 334, 341, 770 P.2d 789, 793 (1989) (trial court should have granted reasonable continuance for defendant to conduct discovery once date of offense was made apparent).

The district court did not abuse its discretion in denying Adachi's request to reopen the case and admit into evidence Kim's proffered testimony. There was no reasonable possibility that the district court's refusal to allow Adachi to recall Kim to the stand might have contributed to Adachi's conviction. Whether Kim saw the CW at the apartment at the time the incident allegedly occurred was not likely to influence the district court's verdict, where Kim had already testified that he did not see the CW at the scene at the time of the incident, the court found the CW credible and gave weight to State's Exhibits 1 and 2 depicting the CW's injuries caused by the incident, and the court found Adachi's testimony to be "vague and evasive." State v. Pauline, 100 Hawai'i 356, 378, 60 P.3d 306, 328 (2002).

The district court did abuse its discretion in denying Adachi's request to recall Kim to testify on the second day of trial. On the first day of trial, Kim testified on direct examination and cross-examination, and Adachi declined the opportunity to question him on redirect examination. Adachi does not explain what Kim would have testified to with regard to the CW's injuries or how Adachi was prejudiced by the district court's denial of his request to recall Kim.

The district court did not abuse its discretion by denying Adachi's request to reopen the case and admit into evidence Dr. Brandman's proffered testimony. Adachi could have discovered this evidence before trial and prepared accordingly. See State v. Faulkner, 1 Haw. App. 651, 656-57, 624 P.2d 940, 944-45 (1981).

The record here is insufficiently developed to determine whether the facts alleged by Adachi, if proven, would entitle him to relief on his ineffective assistance of counsel claim. State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592-93 (1993). A motion for post-conviction relief under HRPP Rule 40 is the proper method of addressing that claim. State v. Libero, 103 Hawai'i 490, 507, 83 P.3d 753, 770 (App. 2003), abrogated on other grounds by State v. Frisbee, 114 Hawai'i 76, 83, 156 P.3d 1182, 1189 (2007).

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on July 15, 2008 in the District Court of the First Circuit, Honolulu Division, is affirmed without prejudice to Adachi's filing an HRPP Rule 40 petition on his ineffective assistance of counsel claim.

DATED: Honolulu, Hawai'i, April 27, 2010.

On the briefs:

Joyce K. Matsumori-Hoshijo
for Defendant-Appellant.

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4